CARRIE M. BINES *vs.* UNITED ELECTRIC RAILWAYS CO.

JANUARY 10, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. Heard on plaintiff's exception to direction of a verdict for defendant at the close of evidence for both sides.

At the first trial of this case direction of a verdict for defendant after hearing only testimony for the plaintiff was held erroneous. 133 Atl. 624. The facts are there stated. We have reread the testimony at the first trial wherein, on plaintiff's showing that ice was on the "plug" in the floor of the car covering a metal plate six inches to one foot in diameter, that the ice showed a line across it which inferentially might have been caused by a heel and that there was a depression in the middle of the plate in which ice had formed hard enough to be scratched but not broken by plaintiff's fall, this court said there was enough evidence to compel defendant to explain the presence of ice or show that defendant had not had a reasonable time to know of and remove it.

At neither trial did anyone testify to seeing the ice prior to the accident although one witness said the spot "looked as if heels or feet of people had packed it in." The prin-

ciples upon which defendant may be liable for damages arising from presence of ice or snow on exposed portions of the car were discussed in *Riley* v. *R. I. Co.*, 29 R. I. 143, and referred to in 133 Atl. 624, *supra*. Those applying to liability for damages arising from presence of snow or ice on the floor of the car are similar. In either case negligence, if existent, is because of failure to use due care under the circumstances. We recognize no degrees of negligence. *Leonard* v. *Bartle*, 48 R. I. 101.

At the present trial defendant's conductor and motorman testified. The nature and size of the plate were described. The cause of the fall was definitely fixed as slipping on the metal plate or cap. This was flush with the cleated floor, was one and one quarter inch in diameter, and screwed down. A witness for plaintiff said it was "covered with a very thin scum of ice." The floor was clean, though wet, when the car left the terminus of the line one half hour prior to the accident and in the meantime "three notches" of heat were on. The day was Saturday, was cold and many passengers, including plaintiff herself, had walked in "considerable" snow before boarding the car, had stamped it from their feet and shaken it from their clothes after getting in, leaving "little spots of white snow" on the floor. The Cunningham boy, now sixteen, who was twelve years old at the time of the accident and who described the ice at the first trial, at the present trial again called it "hard slush," meaning thereby "pressed-down snow," "tramped down quite a little"; he said that the ice was broken into numerous small pieces around the cap, "all in small pieces broken right through the center," "small pieces on the sides."

The basis of inference that the ice had been for sufficient time in the car to give notice of its presence and opportunity to remove it was destroyed in the present trial by the positive evidence of defendant as to the nature of the day, the heat of the car, description of its cleated floor, the number of passengers getting on and off, that the car had been inspected within one half hour and the platform swept

440

off, the description of the ice and size of the cap and the certainty that the fall was caused by slipping on the cap rather than on ice formed in a depression therein. Our opinion in the first case was based on evidence of a depression in the metal plate, six inches to one foot in diameter, in which water could remain and in which it must have rested for a considerable time in the car where the temperature was low enough to form ice and that upon such ice plaintiff might have slipped and left a mark across it. No inference of a pool of water standing long enough to freeze was warranted on the testimony in the instant case and the trial court was correct in directing a verdict for defendant. *Thomas* v. *J. Samuels & Bro.*, 47 R. I. 206. Defendant was not an insurer of passengers' safety. Its rules required a clean floor at each end of the line and this existed. It would be impracticable for the conductor to keep going through a "well-filled" car on such a day to make inspection of the floor in order to ascertain the existence of and remove or sand a thin scum of ice on a metal plate or small spots of tramped down snow which might render the floor slippery. *Hunter* v. *Public Service Ry. Co.*, 144 Atl. 305 (N. J.).

No exceptions to rulings on evidence possess merit.

Plaintiff's exceptions are all overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Fitzgerald & Higgins, Walter V. Moriarty,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.