GLOBE HOME IMPROVEMENT COMPANY, PLAINTIFF-AP-PELLANT, v. PERTH AMBOY CHAMBER OF COMMERCE CREDIT RATING BUREAU, INCORPORATED, DEFEND-ANT-RESPONDENT.

Argued October 24, 1935—Decided January 31, 1936.

For the defendant-respondent, *Blanchard & Carey* (*Robert Carey, Jr.*)

For the plaintiff-appellant, *Silber & Silber.*

The opinion of the court was delivered by

WOLFSKEIL, J. This appeal brings up a judgment of the Supreme Court in favor of the defendant and against the plaintiff after entry of an order striking plaintiff's complaint. There are three grounds of appeal, only two of which are argued. The first is that it was error to strike the complaint. The second that the trial court refused to strike the answer.

The action is against a credit bureau for having negligently omitted from its report a mortgage on the property of the person as to whom a credit report was asked. The report was furnished in pursuance of a written contract which provided that such report "is based upon information obtained in good faith by the agent from sources deemed reliable, the accuracy of which, however, is in no manner guaranteed." The complaint sounds solely in tort "because of the negligence and carelessness of the defendant in making and preparing the report." There is no allegation involving bad faith and the contract is ignored.

It must be borne in mind that this is a case of contract and not of service. The defendant contracted for a small consideration to supply the plaintiff with information regarding credit. The defendant was not employed as a servant or an agent to do work for the plaintiff; it was an independent contractor. It was answerable therefor according to the terms of its contract and according to those alone. The plaintiff, realizing that all that it could recover for breach of the contract, by reason of the limitation of liability, was the $2.75 paid therefor, sought to hold the defendant for negligence as though it were its agent employed to gather information. Undoubtedly but for the limitation the defendant would have been answerable for any damage naturally resulting to the

plaintiff by reason of the breach. It certainly would not be liable because of negligence, but because it had broken its contract.

The plaintiff had a right to make an unlimited contract without restriction if the defendant was willing to furnish the information with the sole liability therein provided that would attach thereto, in which case it is to be assumed that it would have paid a premium consistent with that obligation; or it had a right as it did to make a contract presumably for a much smaller sum in which good faith alone in the performance of the contract would be implied. If parties who make ordinary contracts cannot agree to limit the extent of liability it is difficult to see where such a ruling would lead us. Contracts against liability for negligence we think are universally held valid except in those cases where a public interest is involved, as in the case of carriers, and in such case the action is not on the contract or its breach, but on the failure to perform a public duty. See *Tomlinson* v. *Armour,* 75 *N. J. L.* 748.

As we read the authorities they are practically at one with the conclusion reached in the court below. Appellant cites cases from New York and particularly the case of *Ultramares* v. *Touche,* 255 *N. Y.* 170; 174 *N. E. Rep.* 441. Also in our own state *Ashmore* v. *Towing Co.,* 28 *N. J. L.* 180, and sundry writers and compilers None of these, as we read them, sustain the contention made here.

*Williston on Contracts, p.* 2689, is dealing with employments and nobody contends that an employe is not obligated to use care in the performance of his work. 18 *R. C. L.* 1000, is flatly against the appellant when it declares that a mercantile agency securing information is obliged to use due care in its collection and is liable in the absence of *contracted exemption* for its own negligence. In 40 *Corp. Jur.* 638, the right to limit the liability of a mercantile agency is clearly recognized.

To the same result it seems to us is the New York case cited. In it two counts were filed in an action against Touche, a public accountant, who had contracted to make a report of a certain business concern. A third party claiming to be

injured by the report emanating from the work of the accountant brought suit; one count in negligence and the other in deceit. It was held that the action in deceit alone could be sustained, Judge Cordoza, writing the opinion remarking, that "liability for negligence if adjudged in this case will extend to many callings other than an auditor's. * * * Title companies insuring titles to tracts of land, with knowledge that at an approaching auction the fact that they have insured will be stated to the bidders will become liable to purchasers who will wish the benefit of a policy without paying the premium. * * * Negligence, moreover, will have one standard when viewed in relation to the employer and another and at times a *stricter standard* when viewed in relation to the public." And in the syllabus, "public accountants owe an employer duty to make certificate without fraud and with care and caution proper to their calling." It was held that the case was for the jury on the question of fraud because the facts in that case were sufficient to show it. In our case there is no allegation of fraud, and negligence is relieved against by the contract.

The trial court rightly decided that liability did not attach and for these reasons the judgment is affirmed.

*For affirmance*—The Chief Justice, Lloyd, Case, Bodine, Heher, Perskie, Hetfield, Dear, Wells, Wolfs-Keil, JJ. 10.

*For reversal*—The Chancellor, Donges, Rafferty, JJ. 3.