**CORRIGAN et al. v. DUN & BRAD-STREET, Inc.**
**Civ. A. No. 1020.**

United States District Court
D. Rhode Island.
May 26, 1950.

Ralph P. Semonoff and Judah C. Semonoff, Providence, R. I., for plaintiffs.

Gerald W. Harrington, and Frederick Lippitt, of Edwards & Angell, all of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This matter was heard on the defendant's motion to dismiss or in the alternative for judgment on the pleadings or in the alternative for summary judgment.

The case was removed from the Superior Court of Rhode Island because of diversity of citizenship and amount in controversy.

The complaint alleges in substance that the defendant is the owner of a mercantile agency and the publisher of a service purporting to provide its subscribers, of which the plaintiff is one, financial ratings of customers and prospective customers of its subscribers and, in connection therewith, to supply financial information relative to such customers or prospective customers; that on or about July 29, 1948, plaintiff requested of the defendant its latest opinion as to the financial responsibility of a prospective customer of plaintiff, namely, Americana Reclaiming Co., together with the latest information in reference to the financial responsibility of said prospective customer; that the defendant furnished to the plaintiff its financial rating of said Americana Reclaiming Co., together with other information in reference thereto and the plaintiff in reliance upon said rating and information sold to Americana Reclaiming Co. on credit and delivered to it merchandise at the price of $7,311.31; that the Americana Reclaiming Co., now in receivership, has not paid the plaintiff any part of the $7,311.31 and said bill has become entirely uncollectible; that the rating and information supplied by defendant to plaintiff was inaccurate, untrue, and misleading, although the defendant had access to information from which it could have supplied the plaintiff a complete and accurate rating of the financial responsibility of Americana Reclaiming Co.; that plaintiff would not have sold on credit to Americana Reclaiming Co. the merchandise it did so sell on or about July 29, 1948, if defendant had supplied the plaintiff on or about said date a true, accurate and proper rating of said financial responsibility and/or true and correct information as to the financial standing and responsibility of said Americana Reclaiming Co.; that even after defendant had prepared a printed report dated October 29, 1948, containing information giving the true picture of the financial standing of Americana Reclaiming Co. and containing a true rating of said company, it neglected to supply said information or forward said report to the plaintiff for a period of three months after the date of said report.

The defendant's answer contains various admissions and denials and alleges in substance that the complaint fails to state a claim against the defendant upon which relief can be granted; that the subscription contract contains clauses which bind the plaintiff and are not against public policy and exempt the defendant from liability, and that said clauses are as follows:

"(4) That the said Company does not guarantee the correctness of the aforesaid information whether printed, written or oral.

"(5) That the said Company shall not be liable for any loss or injury caused by the neglect or other act or omission of said Company or any of its officers, agents or employees in procuring, collecting and/or communicating said information, or for delay in delivery of the Reference Book due to strikes, fires or contingencies beyond its control."

The defendant further answers that it has not and never has agreed to furnish credit insurance either to the plaintiff or to any one; that there was no obligation upon the defendant to furnish the plaintiff any information other than that obtained by procedures ordinarily and customarily followed by the defendant in its regular course of business and the defendant never

426

guaranteed or agreed to guarantee that this information was in fact accurate or correct.

The defendant in its motion alleges that under the terms of the subscription contract existing between the plaintiff and defendant, as set forth in Exhibits A to C inclusive, attached to defendant's answer, to which terms plaintiff agreed, defendant did not guarantee the correctness of information furnished to plaintiff; and that there was also an express provision in said subscription contract that defendant would not be liable for any loss or injury caused by the neglect or other act or omission of the defendant or any of its officers, agents or employees in procuring, collecting and/or communicating information to the plaintiff; that the provisions of the subscription contract and renewal thereof are binding upon plaintiff and are conclusive of plaintiff's rights in this action.

Munro v. Bradstreet Co., 170 App.Div. 294, 155 N.Y.S. 833, and Crew v. Bradstreet Co., 134 Pa. 161, 19 A. 500, 7 L.R.A. 661, 19 Am.St.Rep. 681, are cited by the plaintiff in support of its claim but they are clearly distinguishable from the instant case.

In the Munro case, the court construed an exculpatory clause as relieving the defendant from "errors and mistakes, but not from knowingly making false reports, or from gross mistakes or negligence." [170 App.Div. 294, 155 N.Y.S. 835.] In the instant case there is no allegation of fraud or gross negligence. Even if gross negligence were alleged, it is well settled in Rhode Island that no degrees of negligence are recognized. National India Rubber Co. v. Kilroe, 54 R.I. 333, 173 A. 86; Bines v. United Electric Railways Co., 50 R.I. 438, 148 A. 417.

The decision in the Crew case was based upon the wording of the exculpatory clause which differs materially from the one here.

In Globe Home Imp. Co. v. Perth Amboy Chamber of Commerce, Etc., 116 N.J.L. 168, 182 A. 641, 642, 102 A.L.R. 1068, the court said: "* * * If parties who make ordinary contracts cannot agree to limit the extent of liability, it is difficult to

see where such a ruling would lead us. Contracts against liability for negligence we think are universally held valid except in those cases where a public interest is involved, as in the case of carriers, and in such case the action is not on the contract or its breach, but on the failure to perform a public duty. See Tomlinson v. Armour & Co., 75 N.J.L. 748, 70 A. 314, 19 L.R.A.,N.S., 923." See also Bauman v. Bradstreet Co., 238 App.Div. 617, 256 N.Y. S. 169; Xiques v. Bradstreet Co., 70 Hun. 334, 24 N.Y.S. 48, affirmed 141 N.Y. 605, 36 N.E. 740; Duncan v. Dunn, 1879, 8 Fed. Cas. page 9, No. 4,134.

It is difficult for me to see how any evidence that the plaintiff might produce in support of its complaint would entitle it to a judgment against the defendant based upon the contract between the parties here.

I have given consideration to the arguments of the plaintiff and the points raised in its brief and find them to be without merit.

The complaint fails to state a claim upon which relief can be granted and the defendant's motion to dismiss is, accordingly, granted.