34 N.J. Super. 81 (1955)
111 A.2d 448
W.F. ZIMMERMAN, INC., PLAINTIFF,
v.
DAGGETT & RAMSDELL, INC., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 17, 1955.
*82 Mr. Saul J. Zucker argued in favor of the motion.
Mr. Joseph P. Rose opposed the motion.
FOLEY, J.C.C. (temporarily assigned).
This is a motion by the defendant for summary judgment.
The complaint, as amplified by the pretrial order, sets forth the following described claim for relief. Plaintiff, a cosmetic manufacturer and a sub-lessee of the defendant, in a building occupied in part by both parties, suffered damage to the contents of its premises by reason of an explosion in parts of the building occupied by the defendant, which, it is charged, resulted from the negligence of the defendant, also a cosmetic manufacturer, in the care of tanks of volatile fluid. Specifically it is alleged that an employee of the defendant negligently lighted a match in close proximity to one of these tanks and thereby caused the explosion and an ensuing fire.
The motion presents the single question of whether or not the leasehold agreement of the parties granted the defendant immunity from the asserted liability.
It appears that on January 21, 1952 the defendant leased in writing from the G.L. Industries two entire buildings and the third and fourth floors of two others. This instrument provided, among other things:
"7. The Landlord shall not be responsible or liable for any loss, damage, harm or injury to person or property on account of any condition or defect in the structure of the demised premises, and the Tenant agrees to hold the Landlord harmless from any such liability.

* * * * * * * *
*83 "11. The Landlord (Industries) shall not be liable to the Tenant for any loss or damage to the personal property or business of the Tenant by theft, explosion, water, fire, rain, windstorm * * *."
On the same day the defendant sub-let a portion of the premises to plaintiff by an agreement which in part provided:
"5. All of the terms, provisions, covenants and conditions contained in said lease between G.L. Industries, as landlord, and Daggett and Ramsdell, Inc., as tenant, dated January 31, 1952, a copy of which is hereby annexed, marked `Exhibit B' and made a part hereof, are hereby made a part of this agreement (except as herein otherwise expressly provided), and such rights and obligations as are contained in said `Exhibit B,' are during the term of this sub-letting, hereby imposed upon the respective parties hereto, the Landlord herein being substituted for the Landlord in said agreement, and the Tenant herein (sic) in said agreement; provided, however, that the Landlord herein shall not be liable for any defaults of its Landlord, G.L. Industries."
That contracts of this kind are not invalid as being contrary to public policy is beyond dispute. In this state Judge Wolfskeil, speaking for the Court of Errors and Appeals, in Globe Home Improvement Co. v. Perth Amboy Chamber of Commerce, etc., 116 N.J.L. 168 (1936), said:
"Contracts against liability for negligence we think are universally held valid except in those cases where a public interest is involved, as in the case of carriers, and in such case the action is not on the contract or its breach, but on the failure to perform a public duty."
This holding was reiterated in Wade v. Park View, Inc., 25 N.J. Super. 433 (Cty. Ct. 1953), affirmed 27 N.J. Super. 469 (App. Div. 1953), citing Williston on Contracts (rev. ed.), sec. 1751C; 6 Corbin on Contracts (1951), sec. 1472. See also Annotations, 84 A.L.R. 654, 102 A.L.R. 1068, 175 A.L.R. 83.
Usually the question presented in controversies over the interpretation of immunity clauses deals with ambiguity in the description of the acts or omissions covered by the clause, and not with the problem of whether the alleged wrongdoing fell within the legal relationship of the parties. In such *84 cases resolution of the dispute is governed by the application of the doctrine that the agreement must be strictly construed against the party claiming exculpation.
Here the instrument is unambiguous in its definition of the respective rights and obligations of the parties as signatories to a leasing compact. The problem presented is whether it was intended that the lease should operate beyond the area usually covered by such a contract. If the genesis of the alleged wrongdoing had been encompassed by the landlord-tenant relationship, the tenability of the defendant's position would have defied challenge. But this is not the state of affairs with which we are confronted. It is not contended that the damage resulted from the active or passive neglect of the defendant in the exercise of its functions as a landlord. Rather, the violation of the plaintiff's right is claimed to have stemmed from negligence in the operation of the defendant's commercial enterprise. The boundaries of the field of exempted liability are staked out by the legal relationship which the parties mutually assumed, namely, that of landlord and tenant. The immunity conferred upon the defendant released it only from those obligations with which it would have been burdened as a landlord under the common law. The alleged dereliction was completely extraneous to any duty it had as a landlord, and defendant's position was no different than would be that of a stranger to the lease, similarly circumstanced. To hold otherwise would require the closing of one's eyes to the basic objective of their agreement, which was to define their reciprocal obligations in the letting and occupancy of the property.
It is represented by counsel that the precise point here discussed has not been the subject of judicial expression in this State, and my independent research has disclosed no precedent in this jurisdiction.
However, the question has been passed upon in Massachusetts, where the Supreme Court in the case of Smith v. Faxon, 156 Mass. 589, 31 N.E. 687, 689 (1892), considered the effect of an exculpatory clause where the damage done to *85 plaintiff's leasehold emanated from negligence of the landlord in the management of an adjoining parcel of land also owned by the landlord. There it was said:
"* * * in the case at bar the action is not brought against the defendant as the owner of the building, but for a tort committed by him as the owner of an adjoining lot of land; and we are of opinion that the clause in question does not apply."
It is my opinion that reasonable construction of the agreement impels the conclusion that the parties did not intend that the defendant should be exonerated for a wrong which flowed from the pursuit of its independent business venture and which was unconnected with and unrelated to its functions as a landlord.
The motion for summary judgment is denied.