**FARRIS ENGINEERING CORPORA-TION, etc., Plaintiff,**

v.

**The SERVICE BUREAU CORPORA-TION, etc., Defendant.**

**Civ. A. No. 1217–66.**

United States District Court
D. New Jersey.

Dec. 5, 1967.

Ravin & Ravin by David N. Ravin and Keith Marshall, Newark, N. J., for plaintiff.

Shanley & Fisher, Newark, N. J., by Raymond W. Young, North Bergen, N. J., for defendant.

On Defendant's Motion For Summary Judgment

## OPINION

WORTENDYKE, District Judge:

Defendant's F.R.Civ.P. 56 motion for summary judgment in this diversity action presents the questions of the validity and effect of a provision in a written contract between the parties for the rendition of services by the defendant to the plaintiff.

The complaint was filed in the Superior Court of New Jersey and removed to this Court. Plaintiff alleges that it entered into an agreement with the defendant in writing in the early part of March 1966 for the production of a complete and accurate inventory computation whereby the total inventory amount would ultimately be printed out on a report and in addition, in the case of parts, other factors, such as material unit cost, time, labor unit cost and overhead unit cost would be indicated. A copy of the agreement between the parties is annexed to the complaint. Plaintiff charges that defendant was advised that time was of the essence, but represented that since defendant had processed the inventory for the fiscal year ending February 28, 1965, it would be best able to perform a similar function for the subsequent year as well as providing the additional information encompassed by the terms of the contract. Plaintiff alleges that defendant breached its contract with respect to the quality of the work performed by the commission of numerous errors, and failed to maintain the time schedule which it undertook. By way of damages plaintiff seeks recovery based upon the loss of the benefit of the entire data processing and its inability to use the inventory report furnished. Such damages are claimed to have consisted in the loss of monies previously paid to the defendant under the contract and additional expenses incurred as a result of the breach. In a second count the plaintiff seeks to recover damages upon the theory that the defendant was negligent in the methods and processes which it employed in the performance of the agreement.

In addition to its denial of the allegations of the complaint critical to plaintiff's assertion of liability, the defendant, by way of affirmative defenses, alleges that paragraph 12 of the agreement referred to in the complaint provides that defendant's "liability, if any, arising out of or in any way related to its performance of the services provided therein, shall be limited to general money damages in an amount not to exceed the total amount paid for such services by the plaintiff-Customer." Defendant also counterclaims against the plaintiff for failure to pay "the invoiced amounts incurred for the data processing services performed by the defendant," which total the sum of $5,252.69.

In support of its motion, defendant presents an uncontroverted affidavit by its Treasurer which discloses that its customer, Farris Engineering Corporation, has not made any payments for services rendered by defendant Service Bureau Corporation under the contract.

Asserting that the pleadings and discovery record show that there is no

genuine issue as to any material fact, defendant contends that it is entitled to a judgment as a matter of law by reason of the provisions of Paragraph 12 of the "Terms and Conditions" of the contract sued upon. That paragraph provides as follows:

"12. The Customer agrees that notwithstanding the form in which any legal or equitable action may be brought by the Customer against SBC, [defendant] SBC's liability, if any, arising out of or in any way related to its performance of the services provided herein, including errors which are due solely to malfunction of SBC controlled machines or failure of SBC operators, SBC programmers, or SBC programs, shall be limited in the case where repetitive processing services are being provided to the Customer to general money damages in an amount not to exceed the total amount paid by the Customer for services performed by SBC under this agreement during the stated period thereof as defined on page 3 of this Agreement, and, in the case where nonrepetitive processing services are being provided to the Customer, to general money damages in an amount not to exceed the total amount paid for such services by the Customer, and, therefore, it is further agreed by the Customer that SBC shall not be liable for special, consequential, or exemplary damages."

The services rendered under the agreement were nonrepetitive. Plaintiff has paid nothing to defendant for any services performed under the agreement.

The agreement provided in Paragraph 17 of the "Terms and Conditions" that it should be governed by the laws of the State of New York; that it constitutes the entire agreement between Customer and SBC and that SBC makes no warranties, express or implied, other than the express warranties contained in the agreement.

Plaintiff is chargeable with knowledge of the content of the written contract which it entered into and is bound by the expressed unambiguous terms of that contract. Newark Publishers' Association v. Newark Typographical Union No. 103, 22 N.J. 419, 126 A.2d 348 (1956).

In support of its contention that the provisions of Paragraph 12 of the contract in suit exempt the defendant from liability to the plaintiff, whether such liability is sought to be predicated upon breach of contract or negligence, defendant relies on Ciofalo v. Vic Tanney Gyms, Inc., 10 N.Y.2d 294, 220 N.Y.S.2d 962, 177 N.E.2d 925 (1961) and cases therein cited.

It is also the law of New Jersey that exculpatory clauses in private agreements are valid where they do not adversely affect the public interest. Mayfair Fabrics v. Henley, 48 N.J. 483, 226 A.2d 602 (1967); Globe Home Improvement Company v. Perth Amboy Chamber of Commerce Credit Rating Bureau, Inc., 116 N.J.L. 168, 182 A. 641, 102 A.L.R. 1068 (E. & A.1936). The public interest is not involved in this case. There is no evidence upon which I can find or infer that the exculpatory clause upon which the defendant relies resulted from unequal bargaining power on the part of the respective parties. Cf. Kuzmiak v. Brookchester, Inc., 33 N.J.Super. 575, 111 A.2d 425 (App.Div. 1955). The case at bar is more like that of Midland Carpet Corp. v. Franklin Associated Properties, 90 N.J.Super. 42, 216 A.2d 231 (App.Div.1966). See also Globe Home Improvement Company v. Perth Amboy Chamber of Commerce Credit Rating Bureau, Inc., supra.

Defendant's motion for summary judgment should prevail.

Let an Order in conformity with the foregoing opinion be presented.