JAMES H. RHODES & COMPANY, PLAINTIFF, v. JACOBO CHAUSOVSKY AND ISAIAS CHAUSOVSKY, DEFENDANTS.

Argued May 10, 1948—Decided August 5, 1948.

Before Justice Heher, at the Passaic Circuit.

For the motion, *Gurtman & Schomer.*

*Contra, Corbin & Corbin.*

Heher, J.   The action is for damages alleged to have ensued from the breach of a contract entered into between plaintiff and defendants on April 16th, 1945, but dated the following day, providing for the formation by the parties of "an Argentine corporation" with a prescribed capital fund, for the manufacture of steel wool on a royalty basis during a

term of twelve years in the republics of Argentina, Paraguay, Uruguay, Bolivia and Chile under a process and technical supervision and by machinery supplied by plaintiff. The defendants each subscribed for 25% of the capital stock of the proposed corporation, payable in cash; and plaintiff subscribed for 50% of the stock, to be issued in consideration of the "granting of licenses and the rendering of services" as therein provided. Averring full ‚performance on its part, plaintiff charges nonperformance in their entirety of the stipulations made by defendants, and in particular their refusal to organize the corporation and to ˙pay their capital subscriptions, all to plaintiff's loss and detriment in these particulars: (a) expenditures made in performance,˙ *i. e.,* procuring machinery, preparation, and so on, amounting to $40,000; and (b) loss of royalties in the sum of $200,000.

Plaintiff is a corporation organized and subsisting under the laws of the State of Illinois. It is authorized to do business in New Jersey; and it owns property situate in this state. Jacobo Chausovsky is and was at the time of the making of the contract a citizen of Argentina; Isaias, his brother and co-defendant, is a citizen of Russia. Both are residents of Buenos Aires, Argentina. The contract indicates execution in the State of New York; this seems to be admitted. But there is a provision that "any differences which may arise in connection with this agreement shall be arbitrated in Buenos Aires, Argentina," one arbitrator to be chosen by plaintiff and one by defendants and a third by the two so appointed.

Service of process was made upon Jacobo Chausovsky while he was sojourning with relatives in the County of Passaic, in this state; the summons was returned *"non est"* as to Isaias. Seeming to concede that Jacobo, by his presence in New Jersey, became amenable to this court's general jurisdiction and process, it is nevertheless urged that the court's "discretion should be resolved against retention of jurisdiction."

Jurisdiction is judicial power, *i. e.,* the power to hear and determine the controversy. Judicial power is an attribute of sovereignty, exercisable *in personam* upon all persons within

the state's domain. It is of the essence of due process of law, as guaranteed by the Fourteenth Amendment of the Federal Constitution, that the power to hear and determine a controversy *in personam* is not exercisable unless there be jurisdiction of the parties. Jurisdiction *in personam* ordinarily arises from the party's presence within the state and service of process therein upon him. The state has jurisdiction over all persons within its borders, for the enforcement of a transitory cause of action. A non-resident found within the territorial jurisdiction is subject to service therein of its process *in personam,* even though his presence is but temporary. *Hale* v. *Lawrence,* 21 *N. J. L.* 714; *Ackerson* v. *Erie Railway Co.,* 31 *Id.* 309; *D'Arcy* v. *Ketchum,* 52 *U. S.* 165; 13 *L. Ed.* 648; *Webster* v. *Reid,* 52 *U. S.* 437; 13 *L. Ed.* 761; *Pennoyer* v. *Neff,* 95 *U. S.* 714; 24 *L. Ed.* 565; *St. Clair* v. *Cox,* 106 *U. S.* 350; 1 *S. Ct.* 354; 27 *L. Ed.* 222; *Hart* v. *Sansom,* 110 *U. S.* 151; 3 *S. Ct.* 586; 28 *L. Ed.* 101; *Wilson* v. *Seligman,* 144 *U. S.* 41; 12 *S. Ct.* 541; 36 *L. Ed.* 338.

But it is suggested that "both comity and convenience would best be served if the parties were left to the determination of their differences in the jurisdiction of Argentina." It is said that the contract was made in New York, and there was no stipulation for performance in New Jersey in any part; that the parties designed that the law of Argentina "should govern in the determination of any disputes arising under the contract;" and that "the legal problems involved in the performance of the contract are governed by the laws of Argentina."

The state's judicial jurisdiction includes the power to entertain actions between non-residents transitory in nature, even though the cause of action arose beyond the state. The exercise of this power is commonly deemed to rest in discretion, guided by the principles of comity; and such actions are ordinarily entertained unless in violation of the principle expressed in the maxim *"forum non conveniens,"* although there is authority for the view that there is a peremptory duty to assume jurisdiction in such circumstances, especially of actions on contract. *Quigley Co., Inc.,* v. *Asbestos Limited,*

Inc., 134 *N. J. Eq.* 312; *affirmed,* 135 *Id.* 460; *Sielcken* v. *Sorenson,* 111 *Id.* 44; *National Telephone Manufacturing Co.* v. *Du Bois,* 165 *Mass.* 117; 42 *N. E. Rep.* 510; *Nashua River Paper Co.* v. *Hammermill Paper Co.,* 223 *Mass.* 8; 111 *N. E. Rep.* 678; *Wedemann* v. *United States Trust Co.,* 258 *N. Y.* 315; .179 *N. E. Rep.* 712; 79 *A. L. R.* 1320; 14 *Am. Jur.* 377, 378. Jurisdiction is rarely declined where the action arises out of contract. *Quigley Co., Inc.,* v. *Asbestos Limited, Inc., supra.* The doctrine of *forum non conveniens* is one of convenience and expediency rather than a rule of jurisdiction. It regulates the exercise of jurisdiction in such cases by considerations of convenience and essential justice; and, so measured, there is no ground for declining jurisdiction in the case at hand.

As said, the contract was made in the State of New York. There is no reason to doubt that full justice will be done to both parties if the action is tried in New Jersey. There is no occasion to determine whether the contract is to any extent governed by the *lex loci solutionis.* The issue here, so far as it is discernible, is not the mode or manner or the quality or sufficiency of performance undertaken, but rather whether there was an utter failure of performance without justifiable cause; and, so far as appears, the law of Argentina does not differ from the law of New York in this regard. If it does, and the difference is found to be material, the foreign law may be proved without great inconvenience. The same difficulty and inconvenience would attend proof of the law of New York in Argentina, so far as material, if the action should be tried there. The obligation of a contract is fixed by the *lex loci contractus.* There is nothing to suggest that the issue may be more suitably tried in the foreign jurisdiction and that the parties should be relegated to that forum. Compare *Universal Adjustment Corporation* v. *Midland Bank, Limited, of London, England,* 281 *Mass.* 303; 184 *N. E. Rep.* 152; 87 *A. L. R.* 1407.

The motion is denied, with costs.