Froessel, J.
This action by plaintiff wife for personal injuries, and by plaintiff husband for medical expenses and loss of services, stems from injuries which the wife sustained as the result of a fall at or near the edge of a swimming pool located on defendant’s premises. Plaintiff claimed that because of excessive slipperiness and lack of sufficient and competent personnel she was caused to fall and fractured her left wrist.
At the time of the injury, plaintiff wife was a ‘1 member ’ ’ or patron of the gymnasium operated by defendant, and in her membership contract she had agreed to assume full responsibility for any injuries which might occur to her in or about defendant’s premises, ‘1 including but without limitation, any claims for personal injuries resulting from or arising out of the negligence of ’ ’ the defendant.
In addition to denying the material allegations of the complaint, defendant’s answer set forth as an affirmative defense the provision of the contract above referred to. Defendant moved for summary judgment, and plaintiffs, by cross motion, moved to strike said defense, their attorney contending in an affidavit that the exculpatory clause is void as against public policy. Summary judgment was granted in favor of defendant, and the Appellate Division has affirmed.
Although exculpatory clauses in a contract, intended to insulate one of the parties from liability resulting from his own negligence, are closely scrutinized, they are enforced, but with a number of qualifications. Whether or not such provisions, when properly expressed, will be given effect depends upon the legal relationship between the contracting parties and the interest of the public therein. Thus such a provision has been held void when contained in the contract of carriage of a common carrier (Conklin v. Canadian-Colonial Airways, 266 N. Y. 244) unless a reduced fare was charged (Anderson v. Erie R. R. Co., 223 N. Y. 277); or in the contract of a public utility under a duty to furnish telephone service (Emery v. *297 Rochester Tel. Corp., 156 Misc. 562, affd. 246 App. Div. 787); or when imposed by the employer as a condition of employment (Johnston v. Fargo, 184 N. Y. 379).
On the other hand, where the intention of the parties is expressed in sufficiently clear and unequivocal language (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 41), and it does not come within any of the aforesaid categories where the public interest is directly involved, a provision absolving a party from his own negligent acts will be given effect. This was the situation in Kirshenbaum v. General Outdoor Adv. Co. (258 N. Y. 489), a landlord and tenant relationship; in Graves v. Davis (235 N. Y. 315), involving a contract for towage by the owners of a tug; and in the so-called contractor cases (Turner Constr. Co. v. Rockwood Sprinkler Co., 249 App. Div. 508, affd. 275 N. Y. 635; Long Is. R. R. Co. v. American Bridge Co., 175 App. Div. 170, affd. 225 N. Y. 692). In situations such as these, ‘ ‘ public policy does not condemn the immunity clause voluntarily agreed upon by these parties ” (Kirshenbaum v. General Outdoor Adv. Co., supra, p. 495).
Of course, contracts may not be construed to exempt parties from the consequences of their own negligence in the absence of express language to that effect (Boll v. Sharp & Dohme, 281 App. Div. 568, 570-571, affd. 307 N. Y. 646; Kaufman v. American Youth Hostels, 6 A D 2d 223, 229, mod. 5 N Y 2d 1016; Howard v. Handler Bros. & Winell, 279 App. Div. 72, 75-76, affd. 303 N. Y. 990; Thompson-Starrett Co. v. Otis Elevator Co., supra). In none of these cases was it necessary for us to decide the larger question of whether the exculpatory agreement should be stricken as void, since we found that the language employed by the parties did not express in unequivocal terms their intention to relieve the defendant of the liability for his own negligence.
The wording of the contract in the instant case expresses as clearly as language can the intention of the parties to completely insulate the defendant from liability for injuries sustained by plaintiff by reason of defendant’s own negligence, and, in the face of the allegation of the complaint charging merely ordinary negligence, such agreement is valid.
Here there is no special legal relationship and no overriding-public interest which demand that this contract provision, *298 voluntarily entered into by competent parties, should be rendered ineffectual. Defendant, a private corporation, was under no obligation or legal duty to accept plaintiff as a“ member ’ ’ or patron. Having consented to do so, it had the right to insist upon such terms as it deemed appropriate. Plaintiff, on the other hand, was not required to assent to unacceptable terms, or to give up a valuable legal right, as a condition precedent to obtaining employment or being able to make use of the services rendered by a public carrier or utility. She voluntarily applied for membership in a private organization, and agreed to the terms upon which this membership was bestowed. She may not repudiate them now.
The judgment appealed from should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
Judgment affirmed.