**FARRIS ENGINEERING CORPORATION, Appellant,**

v.

**The SERVICE BUREAU CORPORATION.**

No. 17137.

United States Court of Appeals Third Circuit.

Argued Dec. 2, 1968.

Decided Jan. 22, 1969.

William S. Katchen, Ravin & Ravin, Newark, N. J., for appellant.

Thomas F. Campion, Shanley & Fisher, Newark, N. J., (Frederick B. Lacey, Ger-ald W. Hull, Jr., Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and KALODNER and VAN DUSEN, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

The plaintiff, Farris Engineering Corporation, has appealed from a judgment dismissing its complaint upon a motion of the defendant, The Service Bureau Corporation, for a summary judgment.

The complaint sought damages arising out of a breach of a contract for data processing services to be rendered by the defendant. The contract contained two paragraphs which are of importance here. One explicitly limited the liability of the supplier of data processing services to the amount paid by the customer for the services. The other provided that "this agreement shall be governed by the laws of New York."

The appellant makes a threshold claim that the contract is governed by New Jersey law. Approaching this issue, we observe that the present action is cognizable in federal court solely because of diversity of citizenship. Accordingly, New Jersey choice of law rules are controlling in this litigation as instituted in the United States District Court for the District of New Jersey. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. As we have recognized in Specialties Development Corp. v. C-O-Two Fire Equipment Co., 3d Cir., 1953, 207 F.2d 753, New Jersey normally refers to the law of the place of contracting to determine the validity of a contractual provision. James H. Rhodes & Co. v. Chausovsky, 1948, 137 N.J.L. 459, 60 A.2d 623. In this case New York was the place of contracting, since the expression of mutual assent to the bargain was completed by the defendant's signing of the contract in New York. Cf. Filson v. Bell Telephone Laboratories Inc., 1964, 82 N.J.Super. 185,

197 A.2d 196. Moreover, the appropriateness of this normal reference to New York as the place of contracting is reinforced here by the contractual provision that "this agreement shall be governed by the laws of New York". The New Jersey courts seem disposed to give effect to such a provision where the law chosen by the parties is that of a state to which the transaction is significantly related. James H. Rhodes & Co. v. Chausovsky supra; Shotwell v. Dairymen's League Cooperative Ass'n, Dist.Ct. Warren Co. 1944, 22 N.J.Misc. 171, 37 A.2d 420. We add that we have found no comprehensive overriding New Jersey policy against the enforcement of the present type of contractual provision limiting liability, such as would be necessary to prevent the normal application of New Jersey conflict of law rules in this case. It follows that the validity of the challenged provision of the present contract is properly determined in accordance with New York law. And New York law treats such a contractual limitation as valid and enforcible. Ciofalo v. Vic Tanney Gyms, Inc., 1961, 10 N.Y.2d 294, 220 N.Y.S.2d 962, 177 N.E.2d 925.

As a separate point, the appellant has urged that the two paragraphs limiting liability and invoking New York law are inapplicable because appellant's officer who accepted the contract was confused by an ambiguous document and reasonably believed that these paragraphs were not part of the bargain. This argument is based upon the fact that some provisions of the contract are printed while others are typed and the typed part made no reference to the printed provisions now in question. However, typed and printed matter were combined into and submitted as a single integrated formal proposal in such a way that, on its face, the proposal left no room for reasonable doubt that both typed and printed matter were part of the bargain. On this score, we find no ambiguity to be resolved by evidence not available on motion for summary judgment.

The judgment will be affirmed.