Herman Cahn, J.
This motion for summary judgment tests the legal sufficiency of a paragraph in the lease agreement between the parties, excusing lessor (defendant) from any liability for its negligence or failure to act, or, in the alternative, limiting its liability to $25.
Plaintiff’s subrogor contracted with defendant for the installation and leasing of a burglar alarm system. Defendant was obligated to "maintain and give uninterrupted service”, and to repair and replace defective parts in the burglar alarm system. The agreement specifically states that the system remained the property of the lessor (defendant), and provided for the defendant to have the right to remove it under certain circumstances.
Plaintiff alleges that on August 15, 1975, defendant negligently replaced the then defective burglar alarm with another burglar alarm, also defective. The protected premises were burglarized on August 16, 1975, resulting in a loss of $712.75.
The first cause of action is based on negligence, while the second cause of action is based on a contract theory. For the purposes of this motion, the allegations of the complaint are deemed admitted.
Defendant asserts as an affirmative defense that its contract with plaintiff’s subrogor freed it from any claims of damage, or in any event limited its liability to $25. The written contract does indeed contain a limitation of liability paragraph, in large type, clearly and unequivocally stated. This motion presents the question whether the paragraph shall be given effect.
Parties to a contract can agree to exempt themselves (or either of them), from damages arising from their own ordinary negligence, or they may limit their liability for such negligence to such a minimal amount as to be in effect an exemption from liability, in the absence of a statute to the contrary. (Ciofalo v Vic Tanney Gyms, 10 NY2d 294; Melodee Lane Lingerie Co. v American Dist. Tel. Co., 18 NY2d 57; H. G. Metals v Wells Fargo Alarm Servs., 45 AD2d 490, 493.)
The parties have not drawn the court’s attention to any statute which might limit the foregoing rule, in the instant action. In Melodee Lane Lingerie Co. v American Dist. Tel. *519 Co., (supra), the Court of Appeals arrived at a contrary decision. That case is distinguishable however, since there the court evidently found that section 5-323 of the General Obligations Law was applicable. Said section is not relevant to the instant action, since it is limited by its own terms to a contract “affecting real property”.
The burglar alarm system involved herein is not a fixture annexed to, or a part of, real property. In fact, the agreement is quite specific and clear that the parties intended that the system remain defendant’s property. Such an intention controls. (1 Rasch, Real Property Law and Practice, § 12.)
The Appellate Division of this department has stated that it will give effect to such limitation of liability clauses. (H. G. Metals v Wells Fargo Alarm Servs., supra.)
The instant motion for summary judgment seeks dismissal of the complaint. This should not be done at this time, since if plaintiff prevails and proves either of its causes of action, it would be entitled to recover the sum of $25.
The motion is therefore denied.