■ MAX RYANT JEWELERS No. 2, INC., Respondent-Appellant, v NEW YORK TELEPHONE COMPANY, Defendant, and HOLMES PROTECTION INC., Appellant-Respondent. — Order of the Supreme Court, New York County, entered January 15, 1980, unanimously modified, on the law, without costs and without disbursements, the second cause of action in the complaint reinstated against defendant Holmes, with liability for damages, if any, limited to the sum of $1,116, and otherwise affirmed. There is a triable issue of fact as to whether defendant Holmes was negligent in the installation and maintenance of the electric security system in plaintiff's premises (see *Rediscount Corp. of Amer. v Duke,* 34 AD2d 898; see, also, *Glick & Dolleck v Tri-Pak Export Corp.,* 22 NY2d 439, 441). Until that issue is resolved, it is premature to determine whether Holmes should pay damages to plaintiff for the burglary which occurred. Contrary to the contention of Holmes, clause 10 of the parties' contract does not exculpate Holmes from liability for negligence. The clause does not express a clear, unmistakable intention of the parties to exempt Holmes from such liability (see *Gross v Sweet,* 49 NY2d 102, 107-110). It does, however, effectively limit Holmes' liability for damages, if any, to the sum of $1,116, the amount of one year's service charge under the contract*(Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793). Concur — Birns, J. P., Fein, Markewich, Lupiano and Bloom, JJ.