■ DUBOVSKY & SONS, INC., Respondent-Appellant, v HONEYWELL, INC., Appellant-Respondent. — In an action to recover the value of property stolen from plaintiff's place of business, defendant appeals from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated January 30, 1981, as denied its motion for summary judgment, and plaintiff cross-appeals from so much of the same order as denied its cross motion to dismiss the defendant's second affirmative defense. Order modified, on the law, by deleting the provision denying defendant's motion for summary judgment and substituting a provision granting the motion. As so modified, order affirmed, with $50 costs and disbursements to defendant. In June, 1976, plaintiff and defendant entered into a written agreement whereby defendant undertook and agreed to install and maintain a burglar alarm system in plaintiff's premises, which was a warehouse for the storage of food stuffs. Between July 29 and 31, 1978, a burglary apparently occurred at plaintiff's premises resulting in the loss of merchandise valued at more than $16,000. Thereafter, plaintiff instituted this suit claiming that defendant was responsible for the loss sustained in the burglary. Specifically, in the first cause of action plaintiff alleged that defendant "received alarm signals indicating" the possible existence of a burglary; that defendant was "thereupon required by its contract * * * to forthwith dispatch a guard to plaintiff's premises to frustrate or assist in frustrating the burglary"; and that "the guard dispatched by the defendant reported that there was no trouble found at the plaintiff's place of business with the result that the merchandise belonging to the plaintiff * * * was stolen". In the second cause of action, plaintiff alleged that when defendant received signals indicating the existence of a possible burglary, defendant "was negligent in that it failed to determine or ascertain the cause of the signal; in that it failed to determine if the signal was caused by an illegal entry; [and] in that it failed to dispatch a

knowledgeable person to determine whether the signal resulted from a malfunction or * * * burglaries". In its second affirmative defense, defendant relied upon the following language of the contract: "It is understood and agreed by the parties hereto that Contractor is not an insurer and that insurance, if any, covering personal injury and property loss or damage on Subscriber's premises shall be obtained by the Subscriber; that the Contractor is being paid for the installation and maintenance of a system designed to reduce certain risks of loss and that the amounts being charged by the Contractor are not sufficient to guarantee that no loss will occur; that the Contractor is not assuming responsibility for any losses which may occur even if due to Contractor's negligent performance or failure to perform any obligation under this Agreement. THE CONTRACTOR DOES NOT MAKE ANY REPRESENTATION OR WARRANTY, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS, THAT THE SYSTEM OR SERVICE SUPPLIED MAY NOT BE COMPROMISED OR THAT THE SYSTEM OR SERVICES WILL IN ALL CASES PROVIDE THE PROTECTION FOR WHICH IT IS INTENDED." Thereafter defendant moved for summary judgment on the ground that under the terms of the afore-noted exculpatory clause, it was not liable for any losses caused by its acts as alleged in plaintiff's complaint. In opposition to the defendant's motion, and in support of its cross motion to strike defendant's second affirmative defense, plaintiff alleged that the exculpatory clause was not sufficiently clear to absolve defendant from its own negligence and that the clause was void as against public policy pursuant to section 5-323 of the General Obligations Law, which provides: "Every covenant, agreement or understanding in or in connection with or collateral to any contract or agreement affecting real property made or entered into, whereby or whereunder a contractor exempts himself from liability for injuries to person or property caused by or resulting from the negligence of such contractor, his agent [sic], servants, or employees, as a result of work performed or services rendered in connection with the construction, maintenance and repair of real property or its appurtenances, shall be deemed to be void as against public policy and wholly unenforceable." Special Term denied defendant's motion for summary judgment and plaintiff's cross motion to dismiss defendant's second affirmative defense, merely stating that "there exist triable issues of fact which require resolution by the Trial Court." In our view defendant's motion for summary judgment should have been granted. Preliminarily, we note that plaintiff has abandoned one of the arguments it raised before Special Term, i.e., that the exculpatory clause of the instant contract was void by virtue of section 5-323 of the General Obligations Law. In any event that argument is without merit. It has been consistently held that said statute, which is limited by its own terms to contracts affecting real property, is not applicable to clauses in burglary alarm contracts (*Florence v Merchants Cent. Alarm Co.*, 51 NY2d 793, affg 73 AD2d 869; *Max Ryant Jewelers No. 2 v New York Tel. Co.*, 78 AD2d 807; *El Chami v Automatic Burglar Alarm Corp.*, 106 Misc 2d 559; *Public Serv. Mut. Ins. Co. v Royal Burglar & Fire Alarm*, 90 Misc 2d 517). On this appeal, plaintiff argues for the first time that the exculpatory clause relied on by defendant is printed in microscopic type and is therefore unenforceable, and reiterates its argument that it raised before Special Term that the exculpatory clause must be rejected because of its lack of clear, precise and unambiguous language. We disagree with plaintiff. It has been consistently held that exculpatory clauses in a contract which are intended to insulate one of the parties from liability resulting from his own negligence, will be enforced (with but a few exceptions which are not relevant at bar) when expressed in sufficiently clear, unequivo-

cal and unmistakable language (*Gross v Sweet,* 49 NY2d 102, 107; *Ciofalo v Vic Tanney Gyms,* 10 NY2d 294, 297; *Thompson-Starrett Co. v Otis Elevator Co.,* 271 NY 36, 41; *Max Ryant Jewelers No. 2. v New York Tel. Co., supra; El Chami v Automatic Burglar Alarm Corp., supra*). On the other hand "[t]o the extent that agreements purport to grant exemption for liability for willful or grossly negligent acts they have been viewed as wholly void" (*Gross v Sweet, supra,* p 106). The exculpatory clause herein did not compel "resort to a magnifying glass and lexicon" (see *Gross v Sweet, supra,* p 107) and did express "as clearly as language can the intention of the parties to completely insulate the defendant from liability for injuries sustained by plaintiff by reason of defendant's own negligence" (see *Ciofalo v Vic Tanney Gyms, supra,* p 297; *El Chami v Automatic Burglar Alarm Corp., supra*). In view of the validity of the agreement and the fact that the complaint alleges only ordinary negligence, summary judgment should have been granted to defendant (see *Ciofalo v Vic Tanney Gyms, supra,* p 297; cf. *Gross v Sweet, supra,* p 106). Damiani, J. P., Mangano, Weinstein and Bracken, JJ., concur.