OPINION OF THE COURT
Karla Moskowitz, J.
In this small claims action, a claimant has successfully utilized the private right of action established by the 1978 Health Club Services Law to recover damages caused by a health club’s failure to provide promised services. (General Business Law, §§ 620-631; L 1978, ch 630, eff Jan. 1,1979.)
FINDINGS OF FACT
On March 2, 1981, the claimant, Mr. Faer, entered into an agreement with defendant Vertical Fitness and Racquet Club, Ltd. (the club) for a one-year membership. The credible evidence establishes that on March 2, 1981 claimant, a high school graduate employed as an associate *296 director with CBS, Inc., informed defendant’s program director that he intended to play racquetball two evenings a week, use exercise equipment three evenings a week, use the pool and entertain business clients at the restaurant. Defendant’s program director toured the premises with claimant, showing him where each facility would be located as she had done the previous week. An artist’s rendition of the third floor prominently displayed in the lobby showed eight racquetball courts.
The program director promised claimant that the following facilities were or would shortly be available on a daily basis from 7:00 a.m. to 11:00 p.m.:
(1) eight racquetball courts
(2) large gym with exercise equipment
(3) restaurant on premises
(4) large swimming pool.
In addition, the program director promised claimant that he would be able to renew his next year’s membership for $250 even though the contract provided for renewal “by paying annual dues then in effect.”
Claimant signed the agreement without reading it, relying on the program director’s promises that claimant would be able to utilize those facilities and services he required.
In fact, during the term of claimant’s contract as extended by defendant to July 2, 1982, the availability of each facility was:
(1) One or two racquetball courts that were too cold to play on during the winter months because the floor the courts were on had no walls and was enclosed only by plastic.
(2) One small gym where members waited in long lines to use each piece of exercise equipment.
(3) No restaurant until December, 1981, when neither racquetball court could be used.
(4) No large swimming pool.
In addition, the club was only open until 9:00 p.m. except for Thursday evening.
*297 Because the club failed to provide the number of racquetball courts it had promised, claimant generally was not able to reserve a court when he called. During the winter months when he was able to reserve a court, the courts, open to the elements, were too cold to play on.
Because the defendant failed to make the proposed facilities available and interim facilities were constantly overcrowded or unusable, claimant frequently could not play racquetball, swim, exercise, or entertain his business guests. Those few times he was able to actually use the few facilities available, he was justifiably annoyed.
As a result of the unavailability of promised facilities, defendant extended claimant’s and all other members’ contract terms for four months. Even then, more racquetball courts were not ready. In fact, up to the time of trial, the racquetball and pool facilities promised to defendant were either not functioning or only partially available. Although defendant’s employees testified about the club in glowing terms, they had to admit that it did not have the promised facilities.
When claimant’s membership expired, defendant offered to renew claimant’s membership for the “annual dues then in effect” of $500 plus tax instead of $250 as promised.
The club submitted into evidence a handwritten list of the dates and times claimant reserved a racquetball court. The list, admittedly incomplete, indicates 20 occasions over a period of nearly seven months (Nov. 11,1981 — May 25, 1982) when claimant reserved a court, but does not prove that claimant played on all those dates. Based on testimony adduced at trial, the court finds that claimant’s total use of the facilities was one fifth of that to which he was entitled.
parties’ contentions
Faer claims that he was damaged by (1) the defendant’s failure to make the promised facilities available, and (2) the defendant’s representation through its employee, Joan Tuckner, that he would be able to renew his membership for the same annual dues as he had paid for the first year.
*298 Claimant seeks $864 in damages, equivalent to a refund of his initiation fee of $550, annual dues of $250 and sales tax of $64.
Defendant asserts that claimant waived any rights he might have had by using the facilities.
CONCLUSIONS OF LAW
In enacting article 30 of the General Business Law on health club services, the Legislature declared:
“1. * * * that there exists in connection with a number of contracts for health club services, sales practices and business and financing methods which may have resulted in deception and financial hardship upon the people of this state, that existing legal remedies are inadequate to correct these abuses; that the health club services industry has a significant impact upon the economy and well being of this state and its local communities, and that the provisions of this article relating to such contracts are necessary for the public welfare.
“2. The legislature declares that the purpose of this article is to safeguard the public and the ethical health club industry against deception and financial hardship, and to foster and encourage competition, fair dealing, and prosperity in the field of health club services by prohibiting or restricting false or misleading advertising, erroneous contract terms, harmful financial practices, and other unfair, deceptive and discriminatory practices which have been conducted by some health club operators.” (General Business Law, § 620.)
There is no question that the new article 30 applies to defendant and its contractual relationship with claimant. (General Business Law, § 621.)
The statute is remedial and must be liberally construed in favor of those it was designed to protect in order to give effect to the intention of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 321.)
Section 626 of the General Business Law provides that a health club’s direct or indirect misrepresentation, in any manner, of its size, location, facilities or equipment is an unfair and deceptive trade practice and is unlawful.
*299 Defendant health club through its program director and diagrams misrepresented to claimant the extent, location, size and availability of the facilities that claimant would be able to use during his membership in the health club, in violation of section 626. Defendant’s conduct amounts to an “unfair and deceptive trade practice” and is unlawful. (General Business Law, § 626.)
It is clear that claimant would not have joined defendant health club if the program director had not misrepresented to claimant what facilities would be available to him during his membership. Defendant’s misrepresentations induced claimant to sign the contract. That claimant was able to play racquetball a few times and make some use of the facilities that were available does not relieve defendant from liability to claimant for the “unfair and deceptive trade practice.”
In addition, the court finds that defendant violated the escrow provisions of article 30. Section 622 of the General Business Law provides that “[a]ll moneys received * * * prior to the full operation of [the] health club shall be placed in escrow” (emphasis added). Defendant did not place claimant’s funds in escrow. Nor did defendant establish that the Secretary of State approved its financial responsibility. (General Business Law, § 622, subd 7.) It is not exempt from the escrow requirement. (General Business Law, § 622.)
In approving the bill that added article 30 to the General Business Law, the Governor indicated that the escrow provision contained in section 622 applied “where the contract is entered prior to the opening of the facility” (NY Legis Ann, 1978, p 357; emphasis added). However, the clear wording of the statute provides for escrow of money received “prior to the full operation” of the club. Because defendant’s club was not fully operational and it did not place claimant’s funds in escrow, it violated section 622 of the General Business Law.
Subdivisions 1 through 6 of section 622 set forth detailed requirements for establishment of and withdrawal from escrow accounts by clubs, as well as rights of consumers. The explicit terms of section 622 do not require escrow *300 provisions in contracts offered by health clubs that are not fully operational. However, where an escrow account is required, it is essential that its terms become part of any agreement between the parties. (See Silberstein v Murdoch, 216 App Div 665, 670-671; Animalfeeds Int. v Banco Espirito Santo e Comercial de Lisboa, 101 Misc 2d 379, 383.) The statute implicitly requires that its escrow requirements become part of any agreement where a club is not fully operational. However, it is unnecessary for this court to decide whether the agreement between the parties in this case is void and unenforceable pursuant to section 627 of the General Business Law for failure to contain an escrow provision.
Defendant argues that claimant waived his rights by using the facilities and accepting an extension of his membership. In the case cited by defendant, Ciofalo v Vic Tanney Gyms (10 NY2d 294), the court upheld a contrac tual waiver of liability for negligence. However, the general principles regarding freedom of contract stated by the court in Ciofalo are inapplicable here in light of the remedial purpose of article 30 of the General Business Law, subsequently enacted by the Legislature.
The court has not addressed the issue of whether the written contract was modified by the program director’s oral promise to claimant that he would be able to renew at half the cost than was later offered. It would be a different matter if claimant had renewed at the higher price and sought the difference in damages. At this point, injunctive relief would be necessary. Small Claims Part is without jurisdiction to order such relief.
DAMAGES
Section 628 of the General Business Law establishes a private right of action in addition to the remedies of cancellation in section 624, civil fines in section 629 and suit by the Attorney-General on behalf of the people in section 630.
Pursuant to section 628, persons damaged by a violation of the article may recover damages and obtain judgment in an amount not to exceed three times the actual damages plus reasonable attorney fees. The section preserves other rights under common law and statute.
*301 Claimant did not establish actual monetary damages for missed racquetball, swimming and exercise sessions. Such losses detract from the quality of life but do not result in measurable financial damage. Nor can missed business opportunities by quantified.
Whether claimant’s remedy is based on common law or statute, the measure of damages is the same. Claimant was actually damaged by the full contract price less the reasonable value of the actual use he made of the club’s facilities. (Reno u Bull, 226 NY 546, 553; Weil v Arthur Murray, Inc., 67 Misc 2d 417, 420, 421; Beck v Arthur Murray, Inc., 245 Cal App 2d 976.)
Claimant’s actual total cost of membership was $864. This cost included the first year’s annual dues and high initiation fee that entitled him to receive two additional one-year periods by paying annual dues. The evidence establishes that claimant actually received one fifth of the facilities and services to which he was entitled during his membership and thus a benefit of $173. Claimant’s actual damages were $691.
Section 628 does not require willfulness or maliciousness for an injured party to recover treble damages. (In contrast, see General Business Law, § 349, subd [h]; § 350-d, subd 3.) Based on the intent of article 30 of the General Business Law and the mandate of the Small Claims Part “to do substantial justice between the parties according to the rules of substantive law,” (CCA 1804), this court finds that claimant is entitled to recover from defendant the full amount sought in his complaint.
Judgment for claimant against defendant of $864 with interest from March 2, 1981.