(March 31, 1986)

■ CLEARWATER FARMS, INC., Appellant, v ROOSEVELT RACEWAY, INC., Respondent, et al., Defendant.—In an action to recover damages for the theft and disappearance of a horse, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Kutner, J.), dated June 12, 1984, which, upon granting the motion of the defendant Roosevelt Raceway, Inc., for reargument of a prior order dated March 28, 1984, granted its motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (1) and (7) based upon a defense founded upon documentary evidence and for failure to state a cause of action, and (2) a judgment of the same court, entered July 6, 1984, dismissing the complaint as against the defendant Roosevelt Raceway, Inc., with prejudice.

Appeal from the order dated June 12, 1984, dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed, with one bill of costs.

The plaintiff seeks to recover damages for the theft and disappearance of a horse which it had leased from its owner. We find that the plaintiff is bound by the agreement executed by its trainer, as its agent and licensee, pursuant to which the horse was lodged in the stables owned by the defendant Roosevelt Raceway, Inc. The agreement specifically provided that: "All risks, loss, injury, damage or destruction to person, property and/or horses of the Licensee by fire, theft, accident or otherwise, are assumed in full by the Licensee, whether caused by the active or passive negligence of the Licensor, the condition of the premises, or any other reason or cause whatsoever."

The language of the agreement is clear and the provision will thus be given effect *(see, Ciofalo v Vic Tanney Gyms,* 10 NY2d 294, 297). The plaintiff's papers in opposition to the motion to dismiss the complaint were insufficient to raise a triable issue of fact regarding the application of the aforementioned provision of the license agreement to the instant action. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.