■ Nicholas J. Kdidnasky, III, Plaintiff, v Cali Building Company, Inc., Defendant and Third-Party Plaintiff-Respondent, and Cohoes Rod and Gun Club, Inc., Appellant. Nicholas J. Kdidnasky, Jr., Doing Business as N & L Roofing, Third-Party Defendant-Respondent.—Mikoll, J. Appeal from that part of an order of the Supreme Court (Conway, J.), entered June 18, 1986 in Albany County, which denied the cross motion of defendant Cohoes Rod and Gun Club, Inc. for judgment over against defendant Cali Building Company, Inc. and third-party defendant.

The issues before us are twofold: (1) whether the contract between defendants, Cohoes Rod and Gun Club, Inc. (Cohoes) and Cali Building Company, Inc. (Cali), entitled Cohoes as a matter of law to indemnification from Cali and thus summary judgment, and (2) whether Cohoes' cross motion for summary judgment against Cali and third-party defendant, Nicholas J. Kdidnasky, Jr., doing business as N & L Roofing (N&L),

should have been granted on common-law principles of contribution and indemnity.

Cohoes, a social club, contracted with Cali, a general contractor, to repair the roof of Cohoes' building. The written contract consisted of, *inter alia,* specifications of what materials were to be used, details of how the work was to be performed and, under paragraph 13, a provision stating that the "contractor shall be responsible for any and all damages [sustained] while [the] work is in progress". Cali allegedly subcontracted the roof repair to N&L by oral agreement, without Cohoes' knowledge. Subsequently, plaintiff, a workman, was seriously injured on December 1, 1981 in a fall from the roof. Plaintiff thereafter sued Cohoes and Cali alleging negligence and violations of Labor Law §§ 240 and 241. Cali commenced a third-party action against N&L. Cohoes, in an amended answer, cross-claimed against Cali based on the alleged indemnification provisions of the written contract and on common-law principles of indemnification and contribution. Cohoes also asserted a counterclaim against N&L based upon common-law principles of indemnification and contribution. Plaintiff's subsequent motion for partial summary judgment against Cohoes and Cali on the issue of liability, based on their alleged violations of Labor Law § 240, was granted. Cohoes' cross motion for summary judgment over against Cali and N&L was denied by Supreme Court, which found that the contract between Cohoes and Cali raised questions of fact as to Cohoes' possible liability.

On this appeal, Cohoes urges that pursuant to paragraph 13 of the contract, Cali clearly and unequivocally created a contractual obligation to indemnify Cohoes for personal injuries to third parties. It is well settled that indemnification provisions relieving a party of liability will be enforced only to the extent that they are clear and unambiguous *(see, Modern Settings v American Dist. Tel. Co.,* 121 AD2d 266, 268). We concur with Supreme Court's holding that the agreement in the instant case does not express an unmistakable intent to indemnify Cohoes. It is not clear whether paragraph 13 refers to damages resulting from personal injuries to third parties or is confined to property damages. Therefore, the construction of the provision creates a factual question for the trier of fact to resolve.

As to the second issue, Cohoes contends that, since Cali and N&L clearly had control of the work site and Cohoes did not, Cohoes should be allowed to recover from them under common-law principles of indemnification and contribution. Su-

preme Court held to the contrary. We hold that Supreme Court's determination in this regard was proper. An examination of the record reveals questions of fact concerning the extent of Cohoes' control over the work site where plaintiff was injured. Cohoes, in its written agreement, retained considerable control over aspects of the work. There thus remains for resolution the question of whether Cohoes' control and authority over the work site contributed to the conditions causing plaintiff's accident.

Finally, Cohoes' claim against N&L requires resolution of the question of fact of N&L's involvement in the project since N&L's alleged role as a subcontractor is not readily apparent from the record. This issue, therefore, cannot be resolved by summary judgment.

Order affirmed, with one bill of costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.