■ VANTAGE REALTY CORPORATION, Plaintiff, v JOSEPH SILVERI, Defendant and Third-Party Plaintiff-Respondent; B.T. SKATING CORP., Third-Party Defendant-Appellant.—In an action to recover a real estate broker's commission, in which there is a third-party claim for contractual indemnification, the third-party defendant appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated July 6, 1989, as upon granting reargument of its motion for summary judgment dismissing the third-party complaint, denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The third-party defendant buyer contends that it has no duty to indemnify the third-party plaintiff seller against any claims for broker commissions. The buyer further asserts that its indemnification agreement with the seller was intended to

apply only to claims brought against the seller by a broker with whom the buyer dealt, not with whom the seller dealt. The buyer moved for summary judgment dismissing the seller's third-party complaint against it and the Supreme Court granted its motion. Upon reargument, however, the motion was denied and the buyer appealed.

The intention to indemnify may be implied when it is clear from the language and purposes of the entire contract (see, Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774; see also, Margolin v New York Life Ins. Co., 32 NY2d 149). However, when as here, the intent of the parties is not clear and cannot be clearly inferred from all the facts and circumstances, there are issues of fact precluding the granting of summary judgment (Kdidnasky v Cali Bldg. Co., 130 AD2d 817, 818). Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.