STEDMAN ENERGY, INC., Respondent, v LENAPE RESOURCES CORPORATION et al., Appellants.—Order unanimously modified on the law and as modified affirmed with costs to defendant NUI Corporation, in accordance with the following Memorandum: In this action by plaintiff for breach of contract and negligence arising out of a gas well-tending agreement between plaintiff and Lenape, defendants Lenape and NUI appeal from an order that denied their motions for summary judgment. NUI is entitled to summary judgment. NUI was not a party to the well-tending contract, nor did it provide well-tending services to plaintiff. There is no proof in the record that Lenape was a mere department, division, or alter ego of NUI, that Lenape was undercapitalized, or that there is any other basis for allowing plaintiff to pierce Lenape's corporate veil in order to impose liability on NUI. Contrary to plaintiff's argument, liability cannot be imposed against NUI merely

because NUI and Lenape were coinsured under a liability policy.

Lenape's motion for summary judgment was properly denied. The contractual exculpatory clause relied upon by Lenape must be considered in light of other provisions of the contract, particularly paragraph II, which sets forth Lenape's obligation to perform its services with due diligence and care. The contract is ambiguous insofar as it obligates Lenape to use due care but purports to exculpate it from the consequences of failure to do so. That ambiguity must be construed against the drafter, Lenape. The juxtaposition of those two provisions of the contract renders the exculpatory provision insufficiently clear and unambiguous to be enforced against plaintiff (see, Gross v Sweet, 49 NY2d 102, 106-107; Ciofalo v Tanney Gyms, 10 NY2d 294, 297).

We have considered Lenape's remaining arguments and conclude that they are without merit. (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Summary Judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.