■ ERIN M. CASSIDY, Formerly Known as ERIN M. C. ROONEY, Plaintiff, v COUNTY OF NASSAU et al., Defendants, and NASSAU COUNTY SHERIFF, Defendant and Third-Party Plaintiff-Respondent. JULIUS EISENSTEIN, Doing Business as STEWART MANOR REALTY, Third-Party Defendant-Appellant.—In an action to recover damages for unlawful eviction, trespass, and negligence, the third-party defendant appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated May 1, 1990, as denied that branch of its cross motion which was to dismiss the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the third-party defendant payable by the third-party plaintiff, and that branch of the third-party defendant's cross motion which was to dismiss the third-party complaint is granted.

The plaintiff Erin Mary Cassidy instituted this action to recover damages for unlawful eviction, trespass, and negligence against, *inter alia,* the Nassau County Sheriff, and Julius Eisenstein d/b/a Stewart Manor Realty. Cassidy's complaint alleged that the Sheriff and Eisenstein failed to provide her with the statutorily required 72-hour notice prior to eviction and that the Sheriff removed her possessions from the

apartment and put them on the street where they were lost or destroyed. On a prior appeal, this court agreed and granted that branch of Cassidy's motion which was for partial summary judgment on the issue of liability against the Sheriff (*Cassidy v County of Nassau,* 146 AD2d 595).

The Sheriff instituted a third-party action against Eisenstein. The Sheriff alleged that Eisenstein signed an indemnification agreement so that Eisenstein was responsible to indemnify him for any liability. This alleged indemnification agreement signed by Eisenstein provided that, "I accept possession of the premises and hereby absolve the Sheriff of Nassau County of any and all responsibility herein". When the Sheriff moved to declare that Eisenstein was bound to indemnify him, Eisenstein cross-moved, *inter alia,* to dismiss the Sheriff's third-party complaint. The Supreme Court denied both the motion and cross motion on the ground that there were triable issues of fact as to whether the document constituted an indemnification agreement. On appeal, Eisenstein argues that the Supreme Court erred in denying that branch of his cross motion which was to dismiss the third-party complaint. We agree.

Unless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from his own negligent acts (*see, Gross v Sweet,* 49 NY2d 102). Further, when a party is under no duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. A duty should not be found unless it can be clearly implied from the language, the purpose of the entire agreement, and the surrounding facts and circumstances (*see, Hooper Assocs. v AGS Computers,* 74 NY2d 487; *Cruz v Commonwealth Land Tit. Ins. Co.,* 157 AD2d 333; *Modern Settings v American Dist. Tel. Co.,* 121 AD2d 266).

In this case, the document can hardly be deemed to express the parties' intent that Eisenstein indemnify the Sheriff from liability incurred as a result of the Sheriff's failure to provide Cassidy with 72 hours notice prior to eviction. The document neither refers to the Sheriff's right of indemnification from Eisenstein nor to the Sheriff's insulation from his own acts of negligence. Nor does the document indicate that the parties contemplated liability to any third party. Indeed, the language and the surrounding circumstances make clear that the document was only intended to absolve the Sheriff from any liability to Eisenstein as a result of damage to the apartment

during the eviction. Importantly, it should be noted that Eisenstein was only presented with this document at the time of the actual eviction, rendering this case distinguishable from a line of cases which have not required specific language of indemnification *(see, e.g., Austro v Niagara Mohawk Power Corp.,* 66 NY2d 674; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *Tibbetts v I.B.M. Corp.,* 161 AD2d 581). Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.