(April 29, 1985)

ADVANCE BURGLAR ALARM SYSTEMS, INC., Appellant, v THOMAS D'AURIA, Individually and Doing Business as MORE THAN CHAINS, Respondent.

In January 1981, plaintiff and defendant entered into a written agreement whereby plaintiff undertook and agreed, *inter alia,* to install and maintain an alarm system in defendant's premises. Thereafter, plaintiff instituted this suit claiming that defendant failed to make payments as required by the contract.

Defendant counterclaimed for losses allegedly sustained in two burglaries, on the ground that plaintiff failed to provide the services called for in the contract. Specifically, defendant alleged that plaintiff "was negligent in failing to provide appropriate repairmen and installation personnel * * * said equipment was negligently installed and maintained and functioning improperly * * * [and] plaintiff was negligent in failing to provide appropriate and timely guard response to the defendant's premises".

Plaintiff moved for summary judgment dismissing the counterclaims, relying upon the following language of the contract: "It is agreed that ADVANCE is not an insurer and that the payments herein before named are based solely upon the value of the services herein described and it is not the intention of the parties that ADVANCE assume responsibility for any loss occasioned by malfeasance or misfeasance in the performance of the services under this contract or for any loss or damage sustained through burglary, theft, robbery, fire or other cause or liability on the part of ADVANCE by virtue of this Agreement or because of the relation hereby established". Insofar as it is here pertinent, the contract further provided:

"(a) ADVANCE shall not be liable as an insurer of persons, life, limb or property, or liable to anyone whomsoever for the death of or injury to any person or any loss or damage which may at time be occasioned, solely or in part, by or because of the improper working of any equipment, device or connecting circuit, or by or because of the failure of a signal to be received at the Central Station, or by or because of any delay in sending a man to the premises to ascertain the cause of a signal, or by or because of any negligent failure to act on the part of ADVANCE, its employees or agents, or for loss or damage by or because of nonperformance or delay caused by strikes of ADVANCE's employees

or the employees of others or by or because of other labor disturbances, riots, war, authority of law, or acts of God or the public enemy; and

"(b) The SUBSCRIBER agrees to and shall indemnify and save harmless ADVANCE, its employees and agents, for and against any claims, suits, losses, demands and expenses arising from any death of, or injury to any person or by any loss or damage occasioned or alleged to have been occasioned as aforesaid.

"(c) In the event any person, not a party to this agreement, shall make any claim or file any lawsuit against ADVANCE for any reason whatsoever, including but not limited to the installation, maintenance, operation or non-operation of the alarm system, SUBSCRIBER agrees to indemnify, defend and hold ADVANCE harmless from any and all claims and lawsuits including the payment of all damages, expenses, costs and attorneys fees whether these claims be based upon alleged intentional conduct active or passive negligence, or strict or product liability, on the part of ADVANCE, its agents, servants or employees".

Defendant's affidavit in opposition argued that there were issues as to whether the contract is one of adhesion, whether the contract is unconscionable, and whether plaintiff's alleged breaches would be included within the ambit of the exculpatory clause.

Special Term denied the motion for summary judgment on the ground that the determination of defendant's contention that the contract was unconscionable should await the trial of the action, at which evidence on the issue could be presented. We now reverse.

Since similar exculpatory clauses have been consistently and frequently enforced (*see, e.g., Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793, *affg* 73 AD2d 869; *Dubovsky & Sons v Honeywell, Inc.,* 89 AD2d 993, and cases cited therein), defendant's allegation that the exculpatory clause in question is unconscionable is without merit. Where there is no doubt that a contract or clause thereof is free from unconscionability, there is no requirement for a hearing on this issue (*see, State of New York v Wolowitz,* 96 AD2d 47; *Dubovsky & Sons v Honeywell, Inc., supra; cf. Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383). Similarly, defendant's unsupported argument that the contracts of other burglar alarm companies were substantially similar to the one at bar is legally insufficient to raise a triable issue of fact on the question of whether the contract at bar is one of adhesion.

Moreover, in its answer and in its affidavit in opposition to the motion, defendant alleged only ordinary negligence, thus negating the argument that there is an issue of fact as to whether

plaintiff's alleged breaches fall within the ambit of the exculpatory clause (*see, Dubovsky & Sons v Honeywell, Inc., supra*).

Therefore, summary judgment dismissing the counterclaims should have been granted. Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.