OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and judgment granted to Niagara Mohawk Power Co. (NiMo) on its third-party complaint against third-party defendants Weber Construction Co., Inc., and Kenneth Begin.
The Appellate Division affirmed the dismissal, following trial, of NiMo’s third-party complaint insofar as it demanded indemnification from Weber for liability arising out of NiMo’s gross negligence. The demand was based on an agreement by Weber to indemnify NiMo for any liability caused by the latter’s negligence resulting, in whole or in part, in bodily injury arising out of work performed by Weber under a construction contract. The Appellate Division relied on this court’s pronouncements, in Gross v Sweet (49 NY2d 102) and Kalisch-Jarcho, Inc. v City of New York (58 NY2d 377), that exculpatory agreements will not be read to exempt a willful or grossly negligent party from liability to an injured person. The Appellate Division, however, failed to distinguish between the exculpatory clauses involved in those cases, which typically deprive a contracting party of the right to recover for damages suffered as the result of the exonerated party’s tortious act, and indemnity contracts that simply shift the source of compensation without restricting the injured party’s ability to recover. Indemnification agreements are unenforceable as violative of public policy only to the extent that they purport to indemnify a party for damages flowing from the intentional causation of injury (Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 400). Because there is no allegation of intentional harm in this case, NiMo should have been granted *677 judgment against Weber and Begin for the full amount of its liability to plaintiff Austro. In view of our holding, we need not decide whether the evidence was legally sufficient to support the jury’s finding of gross negligence against NiMo.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Jasen taking no part.
Order reversed, with costs, and judgment granted to Niagara Mohawk Power Corporation in accordance with the memorandum herein.