■ SUE & SAM MANUFACTURING Co., Respondent, v UNITED PROTECTIVE ALARM SYSTEMS, INC., a Division of UNITED BURGLAR ALARM, INC., Appellant.—In an action to recover damages for breach of contract and gross negligence, the defendant appeals (1) from an order of the Supreme Court, Kings County (Monteleone, J.), dated March 25, 1985, which denied its motion for summary judgment dismissing the plaintiff's complaint, and (2) as limited by its brief, from so much of an order of the same court, dated July 3, 1985, as, upon reargument, adhered to its original determination.

Appeal from the order dated March 25, 1985 dismissed. That order was superseded by the order dated July 3, 1985, made upon reargument.

Order dated July 3, 1985 reversed, on the law, and order dated March 25, 1985 vacated, motion granted, and complaint dismissed.

The defendant is awarded one bill of costs.

New York courts have repeatedly and consistently enforced exculpatory clauses in contracts for the installation, leasing, and servicing of alarm systems, and have dismissed claims for breach of these contracts where the plaintiff seeks to recover damages for losses sustained as a result of burglaries *(see, Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793; *Rinaldi & Sons v Wells Fargo Alarm Serv.,* 39 NY2d 191; *Dubovsky & Sons v Honeywell, Inc.,* 89 AD2d 993). Special Term attempted to distinguish prior cases which enforced such exculpatory clauses by pointing out that in this case the defendant allegedly breached the contract at its *inception* (by failing to install two "motion detectors", as required by the contract), rather than when the loss occurred or by failing "to perform services pursuant to the contract". We conclude that there is no legal basis for such a distinction, since exculpatory clauses have been enforced where the defendant is alleged to have breached the contract at its inception, i.e., by negligently installing the alarm equipment *(see, Advance Burglar Alarm Sys. v D'Auria,* 110 AD2d 860). Furthermore, the exculpatory clause of the contract explicitly covers the "failure to perform any obligation under this agreement".

The record reveals that the plaintiff, in opposing the defen-

dant's motion for summary judgment, has totally failed to present any evidence in admissible form which raises an issue of fact as to whether the defendant's conduct constituted gross negligence, thereby requiring dismissal of the second cause of action seeking damages for gross negligence. The plaintiff cannot rely on conclusory assertions of gross negligence, contained in the pleadings, to defeat a motion for summary judgment (see, *Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338). Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.