SECOND DEPARTMENT, JUNE, 1987

(June 1, 1987)

■ ANATOLE ALTER, Doing Business as CLASSIC FASHIONS, Respondent, v ADVANCE ALARM COMPANY, Appellant.—In an action to recover damages for breach of contract and gross negligence, the defendant appeals (1) from an order of the Supreme Court, Kings County (Levine, J.), dated May 15, 1986, which denied its motion for summary judgment dismissing the complaint, and (2) as limited by its brief, from so much of an order of the same court, dated October 14, 1986, as, upon renewal, adhered to its original determination.

Ordered that the appeal from the order dated May 15, 1986

is dismissed as that order was superseded by the order dated October 14, 1986, made upon renewal; and it is further,

Ordered that the order dated October 14, 1986 is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff contracted with the defendant for a burglar alarm service, including guard response. After his business was burglarized, the plaintiff brought this action, alleging breach of contract and gross negligence. The contract between the parties included exculpatory clauses which relieved the defendant of liability for "any loss occasioned by malfeasance or misfeasance in the performance of the services under this contract or for any loss or damage sustained through burglary" and for any losses due to "the improper working of any equipment, device or connecting circuit, or * * * the failure of a signal to be received * * * or * * * any delay in sending a man to the premises * * * or * * * any negligent act or negligent failure to act".

This court has upheld the validity of exculpatory clauses contained in burglar alarm service contracts where the parties' intention is clearly expressed (see, e.g., Sanif, Inc. v Iannotti, 119 AD2d 654; Sue & Sam Mfg. Co. v United Protective Alarm Sys., 119 AD2d 664; Advance Burglar Alarm Sys. v D'Auria, 110 AD2d 860). However, such a clause will not relieve a party of liability for willful or grossly negligent acts (see, Gross v Sweet, 49 NY2d 102). Here the plaintiff contends that the defendant's actions, or failures to act, amounted to gross negligence.

The defendant moved for summary judgment based on the exculpatory clauses in the contract and therefore had the initial burden of establishing that the plaintiff's cause of action had no merit (see, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967). The defendant failed to meet this burden since it did not provide any competent evidence of its employees' activities during the period when the burglary apparently occurred. Since the defendant had exclusive knowledge of the pertinent facts, the court appropriately denied the defendant's motion in order to permit the plaintiff to complete discovery proceedings (see, Government Employees Ins. Co. v Desiderio, 104 AD2d 791).

We note that should the exculpatory clause be determined to be inapplicable based on a finding of gross negligence by the trier of fact, the contract contains a clause which limits the defendant's liability to one half the annual service charge

under the contract. Such limitation of liability clauses have been upheld in burglar alarm service contracts where, as here, the language is clear *(see, e.g., Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793; *Rinaldi & Sons v Wells Fargo Alarm Serv.,* 39 NY2d 191). Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.