■ SOL E. FELDMAN FURS INC., Respondent, v JEWELERS PROTECTION SERVICES LTD. et al., Appellants, et al., Defendant. —Order, Supreme Court, New York County (Louis Grossman, J.), entered February 5, 1987, denying the motion of defendants Jewelers Protection Services Ltd. and Variguard Central Station Alarm Corp. for summary judgment dismissing the complaint and cross claim against them, unanimously reversed, on the law, without costs or disbursements, and the motion granted.

Plaintiff is a corporation engaged in the manufacturing and sale of fur coats. The moving defendants, pursuant to written agreement dated February 11, 1981, and written supplements thereto, installed, serviced and monitored a burglar alarm system at plaintiff's premises, which were burglarized on April 13, 1985. At 7:54 P.M. on that date, said defendants received a burglary signal from plaintiff's premises, upon receipt of which they immediately notified the police department and dispatched guards, who arrived at the premises within three minutes. The thieves had apparently made a forcible entry onto the sixth floor from a stairway and then gained entry to plaintiff's premises by smashing a reception area window with the nozzle of a fire hose. Goods, mostly coats and pelts, valued at $39,907, were taken. The premises were searched. No one

was found. Plaintiff thereafter commenced this action, alleging that defendants were careless and grossly negligent in providing security at the premises at the time of the break-in. Defendants interposed an answer which included, *inter alia,* an affirmative defense based on a contract clause exculpating them from liability for their negligent performance of the contract. They thereafter moved for summary judgment, which was denied "at this time" to allow plaintiff the opportunity to complete its discovery. We reverse and grant the motion.

Exculpatory clauses in security alarm contracts have been repeatedly and consistently enforced. *(See, e.g., Sue & Sam Mfg. Co. v United Protective Alarm Sys.,* 119 AD2d 664; *Advance Burglar Alarm Sys. v D'Auria,* 110 AD2d 860.) Although such a clause will not relieve a party from liability for willful or grossly negligent acts *(see, Gross v Sweet,* 49 NY2d 102), its consequences cannot be avoided merely by the facile use of the expression "gross negligence". The facts as pleaded cannot be construed to constitute gross negligence. Furthermore, as alleged in the affidavit of plaintiff's president, the facts are not even suggestive of ordinary negligence. Additionally, even if gross negligence could be established, plaintiff's recovery would be limited to $250 in accordance with the provisions of the contract limitation of liability clause. *(See, Alter v Advance Alarm Co.,* 131 AD2d 406.) Since plaintiff has failed to offer any indication as to what facts it believes might exist which would be sufficient to defeat the motion, summary judgment should have been granted. Concur—Sullivan, J. P., Asch, Ellerin and Smith, JJ.