■ Arell's Fine Jewelers, Inc., Respondent-Appellant, v Honeywell, Inc., Appellant-Respondent and Third-Party Plaintiff-Respondent. Automatic Fire Alarm Company, Inc.,

Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendant.—Order unanimously affirmed without costs. Memorandum: We hold that a defendant which maintains burglar alarm systems cannot contract to relieve itself from liability for acts constituting gross negligence. Agreements which purport to exempt a party from liability for willful or grossly negligent acts are contrary to public policy and are void (Gross v Sweet, 49 NY2d 102), and there is no significant distinction between an agreement which completely relieves a party from liability and one which limits liability to a nominal sum (see, Federal Ins. Co. v Honeywell, Inc., 641 F Supp 1560, 1562-1563; see also, Nuri Farhardi, Inc. v Albany Ins. Co., 137 AD2d 429; cf., Feldman Furs v Jewelers Protection Servs., 134 AD2d 171; Alter v Advance Alarm Co., 131 AD2d 406).

We do not reach plaintiff's claim, raised for the first time on appeal, that the written agreement expired and that the limitation of liability clause did not become part of an implied-in-fact contract. Whether an implied-in-fact contract was formed and, if so, the extent of its terms, involves factual issues regarding the intent of the parties and the surrounding circumstances (see, New York Tel. Co. v Jamestown Tel. Corp., 282 NY 365; Twitchell v Town of Pittsford, 106 AD2d 903, affd 66 NY2d 824). Plaintiff's failure to raise this issue before Special Term precluded the defendant from submitting evidentiary material in opposition, and we conclude that the issue has not been preserved for appellate review (First Intl. Bank v Blankstein & Son, 59 NY2d 436, 447; Fuller v Martin, 109 AD2d 1060). (Appeal from order of Supreme Court, Monroe County, Curran, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.