■ Koos Van Den Akker Atelier Ltd., Also Known as

Koos Van Den Akker Couture, Inc., Respondent, v Honeywell Protection Services, Division of Honeywell, Inc., Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), dated August 9, 1988, and entered on or about August 16, 1988, which, *inter alia,* denied defendant-appellant's motion for partial summary judgment limiting its liability, unanimously reversed, on the law, and the motion for partial summary judgment granted, with costs.

This is an action commenced by Koos Van Den Akker Atelier Ltd. (Koos), a corporation engaged in the manufacture and sale of clothing, against Honeywell Protection Services (Honeywell), for alleged breach of contract and negligence in its rendering of security services to Koos' premises located at 234 West 39th Street, New York, New York. Pursuant to a written installation and service agreement (the contract) entered into by the parties on or about March 16, 1984, Honeywell had agreed to install, maintain, and monitor a burglar alarm system at Koos' plant, for an installation fee of $1,760 and a monthly service charge of $147.

At 11:35 P.M. on June 8, 1986, Honeywell received an alarm signal transmitted from the security system at Koos' premises. In response, Honeywell immediately notified Koos' representative and the New York City Police Department, as it was required to do under paragraph 10 (B) of the contract, which provided as follows: "Upon receipt of an alarm signal from [Koos'] premises [Honeywell] shall make every reasonable effort to transmit the alarm promptly to the headquarters of the police or the fire department having jurisdiction unless there is just cause to assume that an emergency condition does not exist. [Honeywell] shall also make a reasonable effort to notify [Koos'] designated representative by telephone of every alarm received unless instructed to do otherwise by [Koos]."

In addition, Honeywell dispatched a guard to the location. However, upon discovering that the elevator was not in service, the guard declined to climb the stairs to the eighth-floor premises, and left without investigating the cause for the alarm signal. When Koos' representative entered the premises the following day, it was discovered that a burglary had taken place. Koos subsequently commenced the within action alleging willful and gross negligence on the part of Honeywell, and seeking damages in the amount of $95,400.

At issue in this appeal is the applicability of the limitation of liability clause contained in paragraph 5 of the contract, which provided, in bold print, as follows: "IT IS AGREED THAT IT

IS IMPRACTICAL AND EXTREMELY DIFFICULT TO FIX ACTUAL DAMAGES WHICH MAY ARISE IN SITUATIONS WHERE THERE MAY BE A FAILURE OF SERVICES PROVIDED, DUE TO THE VALUE OF PROTECTED PROPERTY BEING UNKNOWN TO [HONEYWELL], INABILITY OF HONEYWELL TO GUARANTEE POLICE AND FIRE DEPARTMENT RESPONSE TIME, AND ESTABLISHING [sic] A CAUSAL CONNECTION BETWEEN SYSTEM OR SERVICE PROBLEMS AND [KOOS'] POSSIBLE LOSS. THEREFORE IF * * * ANY LIABILITY IS IMPOSED ON [HONEYWELL], SUCH LIABILITY SHALL BE LIMITED TO AN AMOUNT EQUAL TO ONE HALF THE ANNUAL SERVICE CHARGE PROVIDED HEREIN FOR THE PROTECTED PREMISES SUSTAINING THE LOSS, OR $300.00, WHICHEVER IS GREATER." Paragraph 5 of the contract further specified that Honeywell "is * * * not an insurer" and that it was Koos' obligation to obtain insurance for personal injury and loss or damage to property occurring on the premises.

In denying Honeywell's motion for partial summary judgment, the trial court held that proof of gross negligence would render any such limitation unenforceable. This was error.

In *Feldman Furs v Jewelers Protection Servs.* (134 AD2d 171), we held that limitation of liability clauses are enforceable against claims of gross negligence as well as against claims of ordinary negligence. *(See also, Alter v Advance Alarm Co.,* 131 AD2d 406.) The holding of *Rand & Paseka Mfg. Co. v Holmes Protection* (130 AD2d 429), relied upon by Koos, does not dictate a contrary result, as the parties in that case had agreed that the limitation of liability provision would not apply if gross negligence was established at trial. No such agreement is present in the matter before us.

Accordingly, the order of the trial court is reversed to the extent appealed from, and defendant's motion for partial summary judgment limiting its liability to one half of the annual service charge under the contract or $300, whichever is greater, is granted. Concur—Kupferman, J. P., Kassal, Rosenberger, Wallach and Smith, JJ.