■ Peter Idone et al., Plaintiffs, v Pioneer Savings and Loan Association, Defendant and Third-Party Plaintiff-Appellant. ADT Company, Inc., Also Known as American District Telegraph Company, Third-Party Defendant-Respondent.—In an action, *inter alia,* to recover damages for negligence and breach of warranty, the defendant and third-party plaintiff appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), entered February 24, 1989, as granted the motion of the third-party defendant for summary judgment limiting its liability to the appellant to 10% of the annual service charge specified in its burglar alarm service contract.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied.

The appellant is engaged in banking. The third-party defendant, pursuant to a written burglar alarm service contract, installed, serviced and monitored two burglar alarm systems

at the appellant's branches. During the Thanksgiving holiday of 1985, the appellant's 86th Street branch in Brooklyn was burglarized. The thieves pilfered the bank's safety-deposit boxes and absconded with valuables belonging to the bank's depositors. The depositors sued the appellant to recover their losses and Pioneer commenced the third-party action for contribution and indemnification.

Absent a statute to the contrary, the public policy of New York does not prevent a burglar alarm company from completely exculpating itself, or limiting its liability, for ordinary negligence. However, any provision in a burglar alarm contract which purports to grant an exemption from liability for grossly negligent acts is void *(Gentile v Garden City Alarm Co.,* 147 AD2d 124). The Supreme Court found that the appellant had submitted sufficient proof, including expert opinion, to establish the existence of triable issues of fact as to the third-party defendant's alleged gross negligence, and, therefore, properly denied its motion for summary judgment dismissing the complaint. However, the court nevertheless granted partial summary judgment to the third-party defendant, limiting its liability to 10% of its annual service charge, on the ground that limitation of liability clauses in burglar alarm contracts are enforceable even if the alarm company is found guilty of gross negligence. This was error. Therefore, the order is reversed insofar as appealed from, and the motion for summary judgment is denied. Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.