HANOVER INSURANCE COMPANY, as Subrogee and/or Assignee of NBK COMPANY MANUFACTURING JEWELERS, et al., Respondents, v D & W CENTRAL STATION ALARM CO., INC., Appellant, et al., Defendants.

First Department, October 4, 1990

*Kenneth Kirschenbaum* of counsel *(Ira Levine* with him on the brief; *Kirschenbaum & Kirschenbaum,* attorneys), for appellant.

*Arthur N. Lambert* of counsel *(Marc R. Lepelstat* with him on the brief; *Lambert & Weiss,* attorneys), for respondents.

## OPINION OF THE COURT

KASSAL, J.

■ This appeal calls upon the court to clarify the law with respect to limitation of liability clauses in contracts for the provision of burglary alarm services and related protection. For the reasons that follow, defendant-appellant may not rely upon such a contractual provision to limit its liability for acts of alleged gross negligence, and the IAS Part properly denied its motion for summary judgment.

Plaintiff, Hanover Insurance Company (Hanover), brings this action as subrogee and/or assignee of NBK Company Manufacturing Jewelers (NBK) which, on February 18, 1986, entered into a written agreement with defendant-appellant D & W Central Station Alarm Co., Inc. (D & W), pursuant to which D & W agreed to install, service, and monitor a burglary alarm system at NBK's premises. Included in the services to be provided under the contract was "guard response".

Subsequent to D & W's installation of the burglary alarm equipment in NBK's premises, and at some point between the evening of December 26 and the morning of December 27, 1986, NBK's premises was burglarized. The record establishes that D & W received an alarm signal from the subject premises on December 26, 1986 at 10:47 P.M., and that a second alarm signal was received at 12:38 A.M. on December 27. The record further establishes that a guard dispatched from D & W's central office in response to the alarm signals arrived at NBK's premises at 1:54 A.M. and departed therefrom at 2:15 A.M. on December 27. In a handwritten and signed report, that guard stated that the reason he left without investigating the alarm condition or otherwise acting upon it

was that he could not gain entry into the building and, when he called D & W to so inform them, he was told to "forget that assignment and go on another guard run".

The earliest report of police notification was recorded by Sergeant Jeffrey Miller who received a call at 5:02 A.M. on December 27, 1986. Also contained in the record is a report prepared by North Atlantic Security Alarm, Inc. (NASA), which monitored NBK's premises on television equipment, stating that the burglars were viewed on camera at approximately 4:44 A.M., on the morning of the 27th, and that NASA notified the police. By the time that Sergeant Miller arrived at the premises at approximately 5:03 A.M., the burglars had escaped, and they have not been apprehended to date. NBK, plaintiff Hanover's subrogor, sustained losses totaling $243,000.

The contract governing D & W's provision of burglary alarm services to NBK contained a limitation of liability clause stating as follows: "THE PARTIES AGREE THAT THE ALARM SYSTEM IS NOT DESIGNED OR GUARANTEED TO PREVENT LOSS BY BURGLARY, THEFT, AND OTHER ILLEGAL ACTS OF THIRD PARTIES, OR LOSS BY FIRE. IF, NOTWITHSTANDING THE TERMS OF THIS AGREEMENT, THERE SHOULD ARISE ANY LIABILITY ON THE PART OF THE LESSOR, AS A RESULT OF BURGLARY, THEFT, HOLD-UP, EQUIPMENT FAILURE, FIRE, SMOKE, OR ANY CAUSE WHATSOEVER, REGARDLESS OF WHETHER OR NOT SUCH LOSS, DAMAGE OR PERSONAL INJURY WAS CAUSED BY OR CONTRIBUTED TO BY LESSOR'S NEGLIGENT PERFORMANCE OR FAILURE TO PERFORM ANY OBLIGATION UNDER THIS AGREEMENT, SUCH LIABILITY SHALL BE LIMITED TO AN AMOUNT EQUAL TO SIX (6) TIMES THE MONTHLY PAYMENT BY LESSEE AT THE TIME SUCH LIABILITY IS FIXED, OR TO THE SUM OF $250.00 WHICHEVER IS GREATER."

Pursuant to this provision, D & W moved, on January 22, 1988, for summary judgment. The denial of its motion, filed in the IAS Part on April 15, 1988, was affirmed without opinion by order of this court entered October 20, 1988 (*Hanover Ins. Co. v Full Range Sec. Protection,* 143 AD2d 1074).

Following this court's memorandum decision in *Koos Van Den Akker Atelier v Honeywell Protection Servs.* (148 AD2d 359), D & W moved before the IAS Part to reargue its motion for summary judgment on the ground that the law had been changed. The motion to reargue having been granted, and the IAS Part having adhered to its prior ruling, D & W now appeals from that most recent denial of summary judg-

ment relief. In light of the appearance of a change or conflict in the law, occasioned by *Koos Van Den Akker Atelier v Honeywell Protection Servs. (supra),* the IAS Part's grant of reargument was proper. *(See, Foley v Roche,* 86 AD2d 887.) Also proper was that court's adherence, upon reargument, to the denial of summary judgment.

■ It is well settled that exculpatory clauses in security alarm contracts "have been repeatedly enforced by the courts of this State, and claims for breach of these contracts have been dismissed, where the plaintiff has sought to recover damages for losses sustained, as a result of crimes such as burglaries". *(Nuri Farhardi, Inc. v Albany Ins. Co.,* 137 AD2d 429, 431.) However, to the extent that such agreements " 'purport to grant exemption for liability for willful or grossly negligent acts[,] they have been viewed as wholly void' ". *(Supra,* at 431, quoting from *Gross v Sweet,* 49 NY2d 102, 106; *see also, Idone v Pioneer Sav. & Loan Assn.,* 159 AD2d 560; *Alter v Advance Alarm Co.,* 131 AD2d 406; *Arell's Fine Jewelers v Honeywell, Inc.,* 147 AD2d 922, 923.)

In *Koos Van Den Akker Atelier v Honeywell Protection Servs. (supra)* this court, relying upon dictum in *Feldman Furs v Jewelers Protection Servs.* (134 AD2d 171), held that gross negligence could properly be the subject of a limitation of liability clause. Further reflection compels us to abandon this course in favor of sound public policy grounds which preclude exemption from liability for grossly negligent acts. *(See, Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377, 384-385; *Gentile v Garden City Alarm Co.,* 147 AD2d 124, 131.)

In contrast to *Feldman Furs v Jewelers Protection Servs. (supra),* the record before us establishes that triable issues of fact exist regarding whether D & W was grossly negligent in its response or failure to respond to alarm signals transmitted from NBK's premises. Among the matters to be considered in this regard are D & W's failure to notify the police upon receipt of three alarm signals in the span of four hours, and the decision by a member of the D & W staff to direct the guard who responded to "forget the assignment" because he encountered difficulty in entering the building.

Accordingly, the order, Supreme Court, New York County (Harold Baer, Jr., J.), entered October 22, 1989, which granted defendant's motion to reargue and, upon reargument, adhered to its prior determination denying defendant's motion for summary judgment, should be affirmed, without costs.

Ross, J. P., ELLERIN and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on October 22, 1989, unanimously affirmed, without costs and without disbursements.