■ STUART RUDNICK, INC., Respondent, v JEWELERS PROTECTION SERVICES, LTD., Appellant. [598 NYS2d 235] —Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered December 4, 1990, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs. The clerk is directed to enter judgment in favor of defendant dismissing plaintiff's complaint.

When a party has entered into a contract absolving it from its own negligence, public policy requires that it may still be held liable for damages caused by its gross negligence (Hanover Ins. Co. v D & W Cent. Sta. Alarm Co., 164 AD2d 112). However, the Court of Appeals has held that, in this particular context, in order for conduct to rise to the level of "gross negligence" it must be "conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824, citing Sommer v Federal Signal Corp., 79 NY2d 540, 554). The conduct in this case, i.e., the failure to properly maintain, in working order, a video camera overseeing the safety deposit boxes in which plaintiff stored its jewelry, while clearly negligent, and even grossly negligent as used in other contexts, did not meet this standard. The complaint must therefore be dismissed. Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.