**Thomas J. CRAY, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, et al., Defendants.**

**No. 99–CV–6370L.**

United States District Court, W.D. New York.

Nov. 16, 2001.

---

**2.** Obviously in reaching his decision, the ALJ did not have the benefit of this clarification.

Steven A. Maas, Kaman, Berlove, Marafioti, Jacobstein & Goldman, Rochester, NY, for plaintiff.

John F. Pfeifer, Pinsky & Skandalis, Syracuse, NY, Ben M. Krowicki, Bingham Dana LLP, Hartford, CT for defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Thomas J. GRAY, and defendants (collectively referred to as "Nationwide") have separately moved under Rule 59(e) of the Federal Rules of Civil Procedure for "reconsideration" [1] of this court's March 29, 2001 Decision and Order denying both sides' motions for summary judgment. Both of the parties' Rule 59(e) motions are denied.

In support of its motion, defendant has submitted copies of (1) a New York Insurance Department General Counsel Opinion issued July 2, 1990 and (2) an October 30, 1989 decision of the Insurance Department of the Commonwealth of Pennsylvania. Defendant contends that these decisions support the view that the business and the files of the policyholders at issue in this case belong exclusively to Nationwide, and that plaintiff has no right to continued possession of the files. Defendant states that it did not discover the existence of these decisions until April 11, 2001.

In support of his cross-motion, plaintiff has submitted copies of two decisions in other cases involving Nationwide: *Nationwide Mutual Ins. Co. v. Piper* (Sup.Ct., Steuben County, Oct. 23, 2000), and *Nationwide Mut. Ins. Co. v. Fisher*, 1:01–CV–63 (N.D.N.Y. Mar. 7, 2001). In *Piper*, the court denied Nationwide's motion for partial summary judgment on the issue of liability, and granted the defendants' cross-motion for partial summary judg-

---

1. The Federal Rules of Civil Procedure do not provide for a motion "to reconsider." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); *Sanders v. Clemco Indus.*, 862 F.2d 161, 170 (8th Cir. 1988). Rather, Rule 59(e) permits a party to file a motion "to alter or amend a judgment."

ment dismissing Nationwide's claims sounding in breach of contract, breach of duty of loyalty, and other theories. In so holding, the court held that "the information obtained [about Nationwide's policyholders] was not confidential as a matter of law ...." Affirmation of Steven A. Maas, Esq. (Docket Item 23), Ex. A at 2.

None of the materials submitted by either side persuade me that I should reconsider my prior decision. I remain convinced that material issues of fact exist in this case that preclude summary judgment in favor of either party.

█ Rule 59(e) permits the court to revisit a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice. *Cavallo v. Utica–Watertown Health Ins. Co.*, 3 F.Supp.2d 223, 225 (N.D.N.Y.1998); *Patterson–Stevens, Inc. v. International Union of Operating Eng'rs*, 164 F.R.D. 4, 6 (W.D.N.Y.1995); *Bartz v. Agway, Inc.*, 849 F.Supp. 166, 167 (N.D.N.Y.1994). A Rule 59(e) motion can only be granted if the movant presents newly discovered evidence that was not available at the time of the trial, or there is evidence in the record that establishes a manifest error of law or fact. *See, e.g., Cavallo*, 3 F.Supp.2d at 225. The evidence must be "newly discovered or ... could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.1983) (citation omitted); *Atlantic States Legal Found. v. Karg Bros.*, 841 F.Supp. 51, 56 (N.D.N.Y. 1993). The parties, however, may not address facts, issues, or arguments not previously presented to the court, *Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y. 1996), or "reargue those issues already considered." *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

█ The parties have not met the standards for granting relief under the Rule. As for defendants' motion, it is not apparent why the agency decisions could not have been submitted on the original motions for summary judgment. Defendants' counsel states in conclusory fashion that they "did not have access" to these decisions until April 11, 2001, Affirmation of John F. Pfeifer, Esq., Attachment to Defendants' Notice of Motion (Docket Item 20) ¶ 16, but there is no explanation as to why that is so.

Even assuming that these materials could not previously have been discovered with due diligence, however, I do not believe that they warrant any alteration of my prior Decision and Order. While they may carry some weight, decisions of these agencies are certainly not controlling in this action. Furthermore, neither one of these opinions or decisions addresses the factual situation presented here. The New York opinion simply holds that a certain Nationwide agent was an exclusive agent for Nationwide, and was not entitled to the same rights accorded to non-exclusive, independent agents under New York law. The Pennsylvania decision held that a Pennsylvania statute governing the termination of certain agency agreements did not apply to the termination of certain agency contracts by Nationwide, because the agents in that case were "captive agents" of Nationwide under the terms of their contracts. Defendants' Motion Ex. Y at 5. Neither of those rulings speaks to the issues in this case involving the parties' conflicting allegations about the documents and information allegedly retained by plaintiff. The nature of those issues was set forth in my March 29 Decision and Order, and will not be repeated here, but they remain in dispute, these newly-submitted materials notwithstanding.

■ As stated, plaintiff has also submitted copies of two decisions from other cases. On September 28, 2001, however, the Appellate Division, Fourth Department, modified the lower court's order in *Piper* by denying the defendant's cross-motion, and reinstating all the claims that the lower court had dismissed.[2] *Nationwide Mut. Ins. Co. v. Piper*, 286 A.D.2d 903, 731 N.Y.S.2d 409 (4th Cir.2001). The lower court's decision, therefore, while entitled to some weight, is certainly not binding on this court. *See C.I.R. v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967) ("in diversity cases ... while the decrees of lower state courts should be attributed some weight ... the decision [is] not controlling ... where the highest court of the State has not spoken on the point") (internal quotation marks omitted); *Calvin Klein Ltd. v. Trylon Trucking Corp.*, 892 F.2d 191, 195 (2d Cir.1989) ("Absent a rule of decision formulated by the New York Court of Appeals, we are not bound by the opinions issued by the state's lowest courts") (internal citations omitted).

Moreover, the court in *Piper* did not enunciate some broad rule of law, but only held that on the facts before it, the information that the defendant in that case had taken with him was not confidential. Even though that case also involved Nationwide, I cannot simply import that judge's findings wholesale into this case, which, though it may involve the same type of Agent's Agreement, is nevertheless based on a different set of underlying facts.

With respect to Chief Judge Scullin's decision in *Fisher*, it suffices to note that he only denied Nationwide's motion for a preliminary injunction; he did not grant summary judgment in favor of the defendant-agent, which is what plaintiff seeks here. In addition, while the court in *Fisher* expressed some skepticism about the merits of Nationwide's claims, the court also stopped short of making any definitive rulings about the materials at issue. For example; the court stated that "it *may be* that [the agent] has a proprietary interest in the information ...," slip op. at 5 (emphasis added); "the Court is not *convinced, on the present record,* that the information contained in the policyholder files is not readily reproducible or that [Nationwide] put a great deal of value in these files," slip op. at 11 (emphasis added); "there is a *serious question* regarding whether Plaintiffs or Defendant has the superior proprietary interest in the policyholder files ...," slip op. at 11 (emphasis added); and that "the Court is willing to give [Nationwide] the benefit of the doubt and find that *there may be sufficiently serious questions going to the merits of this matter* ...." Slip op. at 12 (emphasis added). Thus, the decision in *Fisher* hardly established that policyholder files of the type at issue here are never trade secrets, or that they always belong to the insurance agent rather than to Nationwide.

## CONCLUSION

Defendants' motion for reconsideration (Docket Item 20) and plaintiff's cross-motion for reconsideration (Docket Item 22) of this court's Decision and Order entered on March 29, 2001, are both denied.

IT IS SO ORDERED.

2. The court did so because both parties had failed to support their respective motions with a copy of the answer. The Appellate Division did not reach the merits of either motion.