Marolf v Rapid Response Monitoring Servs. Inc. (2018 NY Slip Op 07906)





Marolf v Rapid Response Monitoring Servs. Inc.


2018 NY Slip Op 07906


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1206 CA 18-00887

[*1]DUSTIN MICHAEL MAROLF, AS ADMINISTRATOR OF THE ESTATE OF DEBBIE ANN CRUMP, DECEASED, PLAINTIFF,
v
RAPID RESPONSE MONITORING SERVICES INCORPORATED, THE LIGHTSTONE GROUP, LLC, CURTIS APARTMENTS ASSOCIATES, LP, CURTIS APARTMENTS ASSOCIATES, CITY RENEWAL MANAGEMENT CORP., DEFENDANTS-RESPONDENTS, AND FIRE DETECTION SYSTEMS, INC., DEFENDANT-APPELLANT.  RAPID RESPONSE MONITORING SERVICES INCORPORATED, THIRD-PARTY PLAINTIFF-RESPONDENT, 
FIRE DETECTION SYSTEMS, INC., THIRD-PARTY DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA LLP, SYRACUSE (LISA M. ROBINSON OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY DEFENDANT-APPELLANT. 
KIRSCHENBAUM & KIRSCHENBAUM, P.C., GARDEN CITY (CAROLINE WALLITT OF COUNSEL), FOR DEFENDANT-RESPONDENT RAPID RESPONSE MONITORING SERVICES INCORPORATED AND THIRD-PARTY PLAINTIFF-RESPONDENT.
BARCLAY DAMON LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS THE LIGHTSTONE GROUP, LLC, CURTIS APARTMENTS


 Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered August 22, 2017. The order, among other things, granted the motion of defendant-third-party plaintiff for summary judgment against defendant-third-party defendant. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff's decedent, Debbie Ann Crump, resided at the Curtis Apartments in the City of Watertown in an apartment equipped with an emergency alarm system. In September 2015, Crump activated the alarm system in an attempt to summon help for a bleeding condition, but no one responded and she ultimately died. Plaintiff, as administrator of Crump's estate, brought this negligence and wrongful death action against, among others, defendant-third-party defendant Fire Detection Systems, Inc. (FDS), the company that installed the alarm system, and defendant-third-party plaintiff Rapid Response Monitoring Services Incorporated (Rapid Response), a subcontractor of FDS responsible for monitoring the alarm system. Rapid Response commenced a third-party action against FDS.
FDS appeals from an order that, inter alia, granted Rapid Response's motion for summary judgment against FDS on its cross claim and on the first cause of action in the third-party [*2]complaint, both seeking contractual indemnification. We affirm.
FDS contends that Supreme Court erred in granting the motion because questions of fact exist whether Rapid Response was grossly negligent and thus barred by public policy from enforcing the indemnification provision in its contract with FDS. We reject that contention. An indemnification provision "simply shift[s] the source of compensation without restricting the injured party's ability to recover," whereas an exculpatory clause seeks to "deprive a contracting party of the right to recover for damages suffered as a result of the [other contracting] party's tortious act" (Austro v Niagara Mohawk Power Corp. , 66 NY2d 674, 676 [1985]). Unlike exculpatory clauses, indemnification provisions are invalid on public policy grounds "only to the extent that they purport to indemnify a party for damages flowing from the intentional causation of injury" (id .). Thus, even assuming, arguendo, that Rapid Response was grossly negligent, we conclude that public policy would not bar enforcement of the indemnification provision at issue here.
We have considered FDS's remaining contention and conclude that it is without merit.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court